BATRE *vs.* THE STATE.

1. Where a statute, creating an offence, describes its constituents, an indictment is sufficient, if it charge the offence in the language of the act.

2. An indictment, therefore, under the statute, for refusing to testify before the grand jury in reference to gaming, is good, which alleges the issuance of a summons by the solicitor, requiring the defendant to appear before the grand jury and give evidence of any gaming, &c., its service by the sheriff, the appearance of the defendant in obedience to its mandate, and his refusal to testify, when there.

3. The jury, in a criminal case, are not the constituted judges of the law, and consequently have not the legal right to disregard the instructions of the court. A charge which assumes the contrary principle is properly refused.

4. Upon the trial of an issue, formed on an indictment under the statute for refusing to testify before the grand jury in reference to gaming, the defendant cannot be allowed to give evidence in his own favor. The

practice of permitting defaulting witnesses, on an application to the court, to excuse themselves by their own testimony, furnishes no authority for such procedure.

ERROR to the Criminal Court of Mobile. Tried before the Hon. John E. Jones.

THE plaintiff in error was indicted for refusing to testify in gaming cases before the grand jury, after being summoned and having appeared before them. The indictment, to which there was a demurrer, charges, that " William H. Platt, then and there being solicitor of the sixth judicial circuit of the State of Alabama, sent a summons in the name of him, the said William H. Platt, solicitor as aforesaid, to one Alfred Batre, to be and appear instantly before the grand jury, selected, empannelled, and sworn and charged to enquire in and for the body of the county of Mobile, to give evidence of any gaming, in violation of the laws of this State, (meaning the State aforesaid,) against that offence, &c.; that the said summons was delivered to George Huggins, then and there sheriff of Mobile county, and that then and there the said George Huggins, sheriff as aforesaid, summoned said Alfred Batre, as by said summons he was commanded, &c.; and that afterwards to wit, &c., the said Alfred Batre, in obedience to the summons aforesaid, appeared before the grand jury then and there summoned, empannelled, sworn and charged to. enquire &c., and then and there refused to testify in obedience to said summons, against the peace and dignity of the State of Alabama." The court overruled the demurrer to the indictment, whereupon the defendant plead not guilty and went to trial. It appears from a bill of exceptions found in the record, that the defendant, after the evidence for the State had closed, moved the court, " that the excuse of the defendant for refusing to testify before the grand jury be heard from himself, which motion was refused." The defendant's counsel asked the court to charge the jury, " that the jury have the right to judge of the law, as well as the facts of the case ; and whether, in the exercise of this right, they will *distrust* the court, or whether they will receive the law from the court, must be left to their own discretion, under the sanction of the oath they have taken," which charge the court refused to give, and the defendant excepted. The rulings

of the court, and its refusal to charge as requested are now as-signed as error.

PERCY WALKER, for the plaintiff in error :

The demurrer to the indictment should have been sustained in the court below, because of its want of certainty. It should have set out the summons. It should have specified some particular act of gaming. The mere allegation of the commission of the offence in the words of the statute is not sufficient.—3 McCord, 533 ; ib. 190 ; M. & Y's Rep. 137 ; case of Tenn v. Fields, 3 Dana, 70 ; 12 Wheat. 460.

The court below erred in not allowing the defendant to make his excuse.—See Proviso to par. 10, ch. 6, Penal Code ; Clay's Dig. p. 433. There is no limitation to the right confered by the proviso.

The court below also erred in refusing to give the charge asked by the defendant, the same being in the precise language used by the Supreme Court in the case of The State v. Jones, 5 Ala. 673. The ruling of the Supreme Court in the case of Pierson v. The State, 12 Ala. p. 149, is not in conflict with the case last cited, but in affirmance of it.

BALDWIN, Attorney General, for the State.

1. The court below did not err in overruling the demurrer to the indictment—the offence is described in the terms of the act, which is sufficient.—State v. Duncan, 9 Por. 260 ; State v. Click, 2 Ala. 26 ; Worrell v. The State, 12 ib. 732 ; State v. Bullock, 13 ib. 413.

2. The proviso, § 10, Clay's Dig. 432, allowing all reasonable excuses to be heard, does not entitle the party indicted to be heard by himself, but such excuses must be proven as any other in defence by competent witnesses. But, if allowed in any instance, it can only be, where from some cause, the party was unable and did not attend before the grand jury. No excuse can be allowed for refusing to testify, when the defendant was regularly brought before the grand jury.

3. There was no error in the refusal of the court to charge as requested. The court was the sole judge of the law, and the jury has no other control over questions of law, than that arising out of the right to return a general verdict of not guilty.—The State v. Jones, 5 Ala. 666 ; Pierson v. The State, 12 Ala. 153.

DARGAN, C. J.—In framing an indictment upon a statute creating an offence, it is not always enough to charge the offence in the language of the act, for such a charge may not allege the fact or facts which constitute the offence, which must always be done, whether the offence be created by statute, or whether it existed at the common law.—Turnipseed v. The State, 6 Ala. 664; State v. Brown, 4 Port. 413; State v. Worrell, 12 Ala. 732; Williams v. The State, 15 ib. 260. For instance, in an indictment upon a statute against usury, it would be insufficient to charge that the party took more than lawful interest merely, but the particular facts in which the offence consists must be alleged. But where a statute creates an offence, and describes its constituents, or the facts that constitute the offence, then it will be sufficient to charge the offence in the language of the act.—State v. Duncan, 4 Ala.; 9 Port. 240; State v. Click, 2 ib. 26; Turnipseed v. The State, 6 ib. 664; 15 ib. 260.

Testing the indictment by this rule, we think, it is sufficient. It alleges that the solicitor sent a summons in his name to the defendant to appear *instanter* before the grand jury, and give evidence of any gaming in violation of the laws of the State; that the summons was served on him by the sheriff; and that in obedience thereto he appeared before the grand jury, but refused to testify. These are the constituents of the offence created by the act, and they are alleged in proper form. There was no error in overruling the demurrer.

In the progress of the trial, a bill of exceptions was sealed by the judge, which shows that the defendant, by his counsel, requested the court to charge the jury, that they had the right to judge of the law, as well as of the facts of the case, and whether, in the exercise of this right, they would distrust the court, or whether they would receive the law from the court, must be left to their own discretion under the sanction of their oath. This charge the court refused to give. In criminal, as well as in civil cases, the jury may find either a general or a special verdict. If they return a special verdict in a criminal case, they should set forth all the facts and circumstances ascertained by them to be true, and pray the judgment of the court, whether, for instance, they constitute the crime of murder, or manslaughter, or no crime at all. Blackstone says that this is where they doubt the matter of law, and choose to leave it to the determi-

nation of the court; but they have an unquestionable right of determining upon all the circumstances of the case, if they think proper so to do, at the hazard of a breach of their oath.—4 Blackstone's Com. 361.—It is out of this right to return a general verdict, which at the common law in cases of felony and treason was beyond the control of the court, that the idea has prevailed to a considerable extent, that the jury in criminal cases were the judges both of the law and the facts. But we are satisfied, after a deliberate examination of this question, independent of our own decisions upon the subject, that the jury are not the constituted judges of the law in any case, unless they be made so by statute. The whole theory of our criminal jurisprudence disproves it. They cannot judge of the competency of evidence and order its admission in opposition to the opinion of the court. The defendant has, too, an unquestionable right to ask the court to instruct the jury on any point in the cause that may be favorable to him, and it is the bounden duty of the court to give the instructions, if they be in accordance with law; and should the court refuse, under our recent statute, the prisoner may except, and the Supreme Court, upon a writ of error, would be bound to reverse the conviction for such refusal. So too the judge, after he has decided a point of law that he deems novel and difficult, may certify it to the Supreme Court, which will either reverse or affirm the decision of the court below, as they may find it to be in accordance with, or opposed to the law. This view, to our mind, is conclusive, that the judge is the only person legally authorised to determine on the law. This is the conclusion attained by this court in the case of Pierson v. The State, 12 Ala. 149, which we think is sustained, not only by reason, but also by the best authorities.—U. States v. Battiste, 2 Sum. 240; Townsend v. The State, 2 Blackf. 151; Pierce v. The State, 13 N. H. Rep. 536; Montgomery v. The State, 11 Ohio, 424; Levy v. Milne, 4 Bing. 195. We know it has been said by courts of respectable authority, that the jurors in a criminal case are the judges of the law as well as of the facts, but we think this opinion arises from not distinguishing between the powers that a jury may assume to exercise, and the duties confided to them by law. The law does not constitute them the judges, yet they may assume the responsibility of rendering a verdict contrary to the law, as given to them in charge by the court, and

if they do so in a criminal case, and acquit the prisoner, their verdict is conclusive, for it is not under the control of the court. This power, however, that they may exercise upon their own responsibility, does not constitute them judges of the law in a legal sense, but on the contrary, in a legal point of view, they violate the law in rendering a verdict contrary to the rules laid down to them by the court. As the jury are not in legal contemplation judges of the law, it cannot be said that they have the legal right to disregard the instructions of the court. They may assume to do so, but this assumption of power on their part cannot alter the law, or constitute them judges. The court, therefore, did not err in refusing to give the charge requested by the defendant, for that charge assumes that the jury had the legal right, according to law, to disregard the instructions of the court. This right they have not. They can only assume to exercise it, if they will, upon their own responsibility.

After the evidence for the State was closed, the defendant moved the court that he be permitted to render his excuse for refusing to testify. This the court refused. As we understand the question, the motion was, to permit the defendant to give evidence to the jury himself, showing his excuse. We know of no rule of practice that would authorise this. True, it has been the practice to permit defaulting witnesses to excuse themselves upon their own testimony, but this is always done by an application to the court, which hears and determines upon the excuse offered. But this practice will not authorise the defendant to give evidence before the jury in his own favor upon the trial of an indictment founded on this act. Whether it would be competent for the court to hear and determine upon the sufficiency of the excuse established by the testimony of the party, after an indictment is found against him, we will not decide, because the question is not raised by the record. Let the judgment be affirmed.