# Washington *v.* The State.

*Indictment for Assault with Intent to Murder.*

1. *Jury not judges of the law in criminal cases.*—The jury are not, in a criminal case, the judges of the law as well as of the facts : it is their duty to receive the law from the court, and to be governed by its instructions; though they have the power, in violation of their sworn duty, to return a verdict of acquittal against the instructions of the court as to the law of the case.

2. *Intent, as ingredient of offense; charge as to.*—The intent, or state of mind, with which the defendant made the assault upon the prosecutor, or person injured, is a question for the determination of the jury, in view of all the evidence; and a charge to the jury which predicates it of a given state of facts, as matter of law, is properly refused.

FROM the Circuit Court of Hale.

Tried before the Hon. GEO. H. CRAIG.

The indictment in this case charged, that the defendant, "unlawfully, and with malice aforethought, did assault Van Hambright, with the intent to murder him." The defendant pleaded not guilty, and was tried on issue joined on that plea. "On the trial," as the bill of exceptions states, "the

evidence showed that, in said county of Hale, and within one year before the finding of the indictment, the defendant had separated from his wife, on account of her criminal intimacy with Van Hambright, the person alleged to have been injured by defendant; and it tended to show that, a short time afterwards, he saw his wife sitting in Van Hambright's lap. The evidence showed that defendant thereupon pulled out a pistol, and shot Van Hambright in the thigh, while he was sitting in the chair, inflicting a severe but not dangerous wound; and that defendant immediately turned and left. The defendant then asked the court to give the following charges, which were in writing : 1. ' The jury are the judges of the law and facts in a criminal prosecution.' 2. ' The jury are the judges both of the law and the facts in a criminal case, and are not bound by the opinion of the court. The jury may judge for themselves, and if they feel it their duty to differ from the court on a question of law, they may find their verdict accordingly.' 3. ' If the jury believe, from the evidence, that the defendant thought his wife and Hambright were in the act of adultery, then they must acquit him of an assault with intent to commit murder.' The court refused each of these charges, and the defendant excepted to their refusal separately."

Thos. R. Roulhac, and Thos. Seay, for the defendant.

H. C. Tompkins, Attorney-General, for the State, cited *Batre v. The State*, 18 Ala. 119; *Pierson v. The State*, 12 Ala. 149; *Thompson v. The State*, 21 Ala. 48; *Brown v. The State*, 31 Ala. 353.

MANNING, J.—The question of law raised by the exception to the refusal of the circuit judge to give to the jury the first two charges asked for the defendant, has been long since settled by the decisions of this court. Said Dargan, C. J., in *Batre v. The State*, 18 Ala. 123, "The jury are not the constituted judges of the law in any case, unless they be made so by statute. The whole theory of our jurisprudence disproves it. They cannot judge of the competency of evidence, and order its admission, in opposition to the opinion of the court. The defendant has, too, an unquestionable right to ask the court to instruct the jury on any point in the cause, that may be favorable to him ; and it is the bounden duty of the court to give the instructions, if they be in accordance with the law. And should the court refuse," or its instructions to the jury be erroneous, to the injury of defendant, the Supreme Court, upon the cause being prop-

[Washington v. The State.]

erly brought before it, would be bound to reverse the judgment for the error committed by the presiding judge. The Supreme Court must "either reverse or affirm the decision of the court below, as they may find it to be in accordance with, or opposed to the law. This view, to our mind, is conclusive, that the judge is the only person legally authorized to determine the law." . . . "We know," continues the Chief-Justice, "it has been said by courts of respectable authority, that the jurors, in a criminal case, are the judges of the law, as well as the facts; but we think this opinion arises from not distinguishing between the powers that a jury may assume to exercise, and the duties confided to them by law. The law does not constitute them the judges, yet they may assume the responsibility of rendering a verdict contrary to law, as given to them in charge by the court; and if they do so in a criminal case, and acquit the prisoner, their verdict is conclusive, for it is not under the control of the court. This power, however, that they may exercise upon their own responsibility, does not constitute them judges of the law in a legal sense; but, on the contrary, in a legal point of view, they violate the law in rendering a verdict contrary to the rules laid down to them by the court."

What we have quoted from the opinion of Chief-Justice DARGAN is so well expressed, that we have thought we could not do better than reproduce it on the present occasion. The circuit judge did not err in refusing to give either of the first two instructions asked on behalf of respondent.

2. Nor was there any error in refusing the third of the charges so asked. It was for the jury, not the judge, to determine, in view of all the evidence introduced, *quo animo*, in what state of mind, the assault of defendant upon Van Hambright was made. Indeed, as husband and wife were already separated, and living apart, it may be that defendant, instead of being suddenly excited to madness by the sight of his wife in such a situation, and acting under an uncontrollable and not unnatural impulse, rather rejoiced in the opportunity that situation afforded him, of killing Van Hambright to gratify a cherished resentment, with a fair prospect of impunity. If the jury believed this, they should have found defendant guilty as charged.

Let the judgment of the Circuit Court be affirmed.