PITT COUNTY BOARD OF SCHOOL DIRECTORS v. TOWN OF GREENVILLE.

(Filed March 18, 1902.)

TOWNS AND CITIES—*Demand—Jurisdiction—The Code, Sec.* 757.
     Under The Code, Sec. 757, a complaint against a town must allege a demand on the proper municipal officers.

ACTION by the County Board of School Directors for Pitt County against the Town of Greenville, heard by Judge *Francis D. Winston,* at December (Special) Term, 1901, of the Superior Court of PITT County.   From a judgment for the plaintiff, the defendant appealed.

*Skinner & Whedbee,* for the plaintiff.
*Jarvis & Blow,* and *F. G. James,* for the defendant.

MONTGOMERY, J.   The plaintiff, the County Board of School Directors for Pitt County, brought this action to recover of the defendant, the town of Greenville, certain amounts of money in the nature of fines for the violation of the criminal laws, alleged to have been collected through the duly authorized officers of the town.   Section 757 of The Code provides that "No person shall sue any city, county,

town or other municipal corporation for any debt or demand whatsoever, unless the claimant shall have made a demand upon the proper municipal authorities. And every such action shall be dismissed unless the complaint shall be verified and contain the following allegations: (1) That the claimant presented his claim to the lawful municipal authorities to be audited and allowed, and that they had neglected to act upon it, or had disallowed it; or (2) that he had presented to the treasurer of the said municipal corporation the claim sued on, which had been so allowed and audited, and that said treasurer had, notwithstanding, neglected to pay it." If any demand was made by the plaintiff of the defendant for a settlement of the claim, it does not appear in the complaint; and the defendant's prayer (motion) in the answer that the action be dismissed on that ground, should have been allowed. The language of the statute (Code, Sec. 657) is clear and, moreover, it is reasonable. The governing authorities of municipal corporations are presumed to be always ready and willing to promptly adjust any and all proper claims and demands against the municipality, and owing to the number and variety of such claims and demands, and to the fact that, as a rule, such governing bodies are generally business men, and not expected to give but a small portion of their time to the public service, it does seem that before they are summoned before the Courts to answer for claims of a civil nature on the part of alleged creditors, they should have notice of such claims and a demand for their settlement. But the point has been decided many times by this Court. *Love v. Commissioners,* 64 N. C., 706; *Royster v. Commissioners,* 98 N. C., 148. His Honor, in the judgment, said: "The Court is of opinion that the defendant having denied all indebtedness to the plaintiff by reason of the allegation in the complaint, and not having expressed a desire for an opportunity to examine and pass

upon the demands in the complaint, has waived the benefit of Section 757 of The Code, and it denies the motion." But the matters required by The Code section to be set out in the complaint are jurisdictional. No cause of action is stated in the complaint, and the Court could not proceed with the action. The language is, "No person shall sue any city," etc. And every such action shall be dismissed unless the complaint shall be verified and contain the following allega· tions, etc. The requirements of Section 657 of The Code were conditions precedent to the maintenance of the suit, and not having been set out in the complaint, the action should have been dismissed.

Error.