WILLIAMS v. SMITH.

(Filed February 23, 1904).

1. PLEADINGS—*Libel and Slander—Notice—Acts 1901, ch. 557—The Code, secs. 757, 1287.*

Under acts 1901, ch. 557, a complaint in an action for libel must allege the giving of five days' notice to the defendant in writing, specifying the article and the statements therein alleged to be false.

2. LIBEL AND SLANDER.

Under acts 1901, ch. 557, an article signed "Smith" is not an anonymous publication.

3. AMENDMENT—*Pleadings—Demurrer.*

Where a demurrer to a complaint is sustained, the plaintiff is entitled to amend his complaint.

ACTION by J. H. Williams against I. H. Smith, heard by *Judge Fred. Moore,* at November Term, 1903, of the Superior Court of CRAVEN County. From a judgment for the plaintiff the defendant appealed.

*H. C. Whitehurst,* for the plaintiff.
*D. L. Ward,* for the defendant.

CONNOR, J. The plaintiff alleged that the defendant wrote and published in the *New Bern Daily,* a newspaper published in the city of New Bern, of and concerning him a certain article entitled "An Honorable Man." That said article was a malicious libel, etc. The article was signed "Smith," and refers to the defendant as "one Williams." The defendant demurred to the complaint, and among other grounds for demurrer says: "That the plaintiff should allege that before bringing this suit he gave the defendant five days' notice in writing, specifying the article and the statement therein which he alleges to be false, as required by chapter 557 of the Laws of 1901," etc.

From a judgment overruling the demurrer the defendant appealed.

The appeal presents for construction sections 1 and 3 of chapter 557 of Public Laws of 1901, known as the "London Libel Law," in the first section of which it is enacted: "That before any proceedings, either civil or criminal, shall be brought for the publication in a newspaper or periodical in this State of a libel, the plaintiff or prosecutor shall, at least five days before instituting such proceedings, serve notice in writing on the defendant or defendants, specifying the article and the statement therein which he alleges to be false and defamatory. If it shall appear upon the trial that said article was published in good faith, etc.,   *   *   *   only nominal damages shall be recovered," etc.

Neither our own nor the researches of the learned and diligent counsel have enabled us to discover any case in which this or any similar statute is construed in regard to an action for libel. We are compelled, therefore, to resort to an examination of the question upon general principles and the con-

struction put upon statutes relating to other actions in which
the same or similar provisions are found. "Under the rule,
both of the common law and under the Codes, when the stat-
ute gives a new remedy and prescribes conditions, or if an
action of a certain class or against certain parties be author-
ized only after the performance of similar conditions, the
performance of these conditions, whether the right of action
exists at common law or is created by statute, must be
alleged in the complaint and proved at the trial." 4 Enc·
Pl. and Prac., 655. The principle is clearly stated and
well illustrated in *Reining v. Buffalow,* 102 N. Y., 308.
The Legislature of New York enacted that: "No action
to recover or enforce any claim against the city shall be
brought until the expiration of forty days after the claim
shall have been presented," etc. *Ruger, C. J.,* said: "The
inquiry is whether this provision was intended as a condition
precedent to the commencement of an action or simply to
furnish a defense to the city in case of an omission to make
such demand. We think the plain language of the statute
excludes any doubt on the subject. It absolutely forbids the
prosecution of any action until the proper demand has been
made. It attaches to all actions whatsoever, and by force of
the statute becomes an essential part of the cause of action
to be alleged and proved as any other material fact. It does
not purport to give the city a defense dependent upon an
election to use it, but expressly forbids the institution of any
suit until the preliminary requirements have been complied
with.   *   *   *   It is competent for the Legislature to at-
tach a condition to the maintenance of a common law action,
as well as one created by statute, and when this is done its
averment and proof cannot safely be omitted."

This Court has given to a similar statute the same con-
struction. Section 757 of The Code provides: "That no per-
son shall sue any city, county or other municipal corporation

for any debt or demand whatsoever unless the claimant shall
have made a demand upon the proper municipal authorities."
The section expressly requires the demand to be alleged in
the complaint.   This Court has uniformly held that a failure
to allege the demand may be taken advantage of by the de-
murrer.   *Love v. Comrs.,* 64 N. C., 706.   *Bynum, J.,* in
*Jones v. Comrs.,* 73 N. C., 182, says: "That a demand was
necessary before action begun is well settled.   If, therefore,
it had appeared from the complaint that no demand had been
made, that would have been good cause of demurrer."   *School
Directors v. Greenville,* 130 N. C., 87.   In *Nichols v. Nich-
ols,* 128 N. C., 108, it is held that the provision in the statute,
The Code, sec. 1287, that in an action for divorce the com-
plaint should be accompanied by an affidavit setting forth
that the facts relied upon as ground for divorce had existed
to plaintiff's knowledge six months, was mandatory, and that
filing such affidavit was essential to give the Court jurisdic-
tion of the action.   *Hopkins v. Hopkins,* 132 N. C., 22.

This construction has been put upon statutes imposing upon
plaintiffs the duty of making demand or giving notice prior to
bringing actions by all of the courts whose reports we have
examined.   It will be observed that in the clause of the act
immediately following that under discussion the language is
materially changed: "If it shall appear on the trial," etc.
The first clause imposes upon the plaintiffs, before institu-
ting the action, the duty of making the demand and giving
the defendant opportunity to take the steps by which he may
not defeat the right of action, but protect himself against the
recovery of punitive damages.   The plaintiff, however, says
that this provision of The Code does not apply to this case.
Section 3: "This shall not apply to anonymous communica-
tions and publications."

We find that the word anonymous is defined in the Century
Dictionary as "of unknown name, one whose name is with-

held, as an anonymous author or as an anonymous pamphlet, or without any name, wanting a name, without the real name of the author, nameless."

The article is signed "Smith." The defendant's name is Isaac H. Smith. He refers to the plaintiff as "one Williams," and speaks of him as having been party to the suit for the recovery of usury. We are of the opinion that this article does not come within the definition of an anonymous publication.

Without passing upon the other grounds, we conclude that his Honor should have sustained the second ground of demurrer. Of course the plaintiff will be entitled to amend his complaint in the Superior Court and make the necessary allegation. It is a defective statement of a cause of action and may be cured by amendment. *Johnson v. Finch,* 93 N. C., 205.

Let it be certified that there was error in overruling the demurrer.

Error.

WALKER, J., took no part in the decision of this case.