# Comer *v.* Louisville *v.* Nashville R. R. Co., *et al.*

### *Libel.*

(Decided July 2, 1907.    44 South. 676.)

*Libel; Notice Before Action; Who May Take Advantage of.*— One who has prepared an article and had it published in a paper paying therefor, is not a publisher of a paper within the meaning of the provision of the Acts of 1898-9, p. 32, amendatory of section 1441, Code 1896, and hence the five days notice and retraction clause therein has no application.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by B. B. Comer against the Louisville & Nashville Railroad Company and others, for libel. The facts are similar to those in the case of *Comer v. Age-Herald Co.,* next above. From a judgment sustaining demurrers to the complaint, plaintiff appeals. Reversed and remanded.

FRANK S. WHITE & SONS, and CABANISS & WEAKLEY, for appellant.—The publication was libelous per se.— *Iron Age Pub. Co. v. Crudup,* 85 Ala. 519; *Ivey v. Pioneer Co.,* 113 Ala. 349; *Wafford v. Meeks,* 129 Ala. 349;

13 A. & E. Ency. of Law, 295-6 and note. The special act of Feb. 20, 1899, has no application other than to publishers of a paper.—*Osborn v. Leach,* 56 L .R. A. 648. It is insisted upon the authorities cited in brief and other cases that the act is unconstitutional.

JOHN W. CHAMBLEE, TILLMAN, GRUBB, BRADLEY & MORROW, and GEORGE W. JONES, for appellee.—The statute applies to all persons who are sued for publishing libels in newspapers.—*Smith v. Williams,* 46 S. E. 502. This construction is necessary that the act may favor no class, but may prescribe the same remedy for all doing a thing in a particular way. Actual damages include all damages except punitive damages.—*A. G. S. R. R. Co. v. Davis,* 119 Ala. 572. The giving of the notice was a condition precedent to the bringing of the suit although actual damages only are claimed.—*Smith v. Williams, supra; Clementson v. Minn. Tribune Co.,* 47 N. W. 781. The statute is not classed legisla tion.—*Youngblood v. Bir. T. & S. Co.,* 95 Ala. 521; *Safety V. & T. Co. v. L. & N. R. R. Co.,* 14 L. R. A. 579. The law is not unconstitutional as depriving plaintiff of any remedy for an injury done.—*Osborn v. Leach,* 56 L. R. A. 651; 18 A. & E. Ency. of Law, 1082; Hale on Damages, 99-106; Newell Slander & Libel, 839.

SIMPSON, J.—This was an action for damages for the publication of a libel; one count alleging the publication in the Age-Herald, and another that the same article was published in the Ledger, both newspapers published in Birmingham, Ala. Demurrers were interposed to the complaint as amended, which were sustained by the court. The plaintiff declined to plead further or amend, and judgment was rendered for the defendant.

The first question raised by the demurrers, and argued by appellant, is whether or not that part of the act of February 20, 1899, amending section 1441 of the Code of 1896 with regard to giving notice before bringing suit, applies to persons, other than the publishers of the paper, who have had communications or other articles published in said newspaper by paying therefor. The clause in question reads: "Before any suit for libel shall be brought for the publication of an article in any newspaper in this state, the aggrieved party shall, at least five days before beginning suit, serve notice in writing on the publisher or publishers of said newspaper, at their principal office of publication, if within the state, specifying the statements in said article which he or they allege to be false and defamatory, and if it shall appear on the trial of said action that said article was published in good faith, that its falsity was due to mistake and misapprehension, and that a full correction or retraction of any false ·statement therein was published," etc., the plaintiff shall "recover only actual damages."—Gen. Acts 1898-99, p. 32.

This matter is res integra, and we are left to the wording of the statute and its apparent object for our guide in its interpretation. The statute provides that the notice shall be served in writing "on the publisher or publishers of said newspaper," and no provision is made for serving notice on any other person. The act seems to be for the purpose of preventing litigation in regard to those articles which may have found their way into the columns of the newspaper by inadvertence or without knowledge or careful scrutiny on the part of the publishers. We know that the modern daily paper, with its numerous reporters, gathering news from every quarter, and its busy employes, working until late into the night to place the latest news before the readers

early in the morning, is peculiarly liable to being inadvertently led into trouble in these matters, and it seems a proper classification to regulate this class of libel suits as applied to· the publishers of newspapers. But with the individual, who prepares his article and pays for its publication, no such reason exists. For these reasons we hold that this provision of the statute does not apply to the defendant in this suit. It is true that the Supreme Court of North Carolina applied a libel law somewhat similar to our statute to an individual who was sued for a libel published in a newspaper; but it is to be noted that the particular point was not raised in that case, and, besides, the wording of the statute was different, in that the North Carolina statute required that the notice should be served "on the defendant or defendants," and not on the publisher of the newspaper, as in our statute.—*Williams v. Smith,* 134 N. C. 249, 46 S. E. 502.

The only other question raised is whether the publication was libelous per se. The publication in this case was libelous per se.—*Iron Age Pub. Co. v. Crudup,* 85 Ala.·519, 5 South. 332; *Ivey v. Pioneer Co.,* 113 Ala. 349, 21 South. 531; *Wofford v. Meeks,* 129 Ala. 349, 30 South. 625, 55 L. R. A. 214, 87 Am. St. Rep. 66; 18 Am. & Eng. Ency. Law (2d Ed.) p. 909 et seq., and notes.

The judgment of the court is reversed, and the cause remanded. All the Justices concur.