(77 South. 685)

COMER v. ADVERTISER CO. (6 Div. 684.)

(Supreme Court of Alabama. Jan. 24, 1918.)

1. LIBEL AND SLANDER ☞123(1) — ACTIONS FOR DAMAGES—LAW AS JURY QUESTION.

Const. 1901, § 12 (Const. 1875, art. 1, § 13), giving a jury the right to determine the law in indictments for libel, does not include civil actions for libel.

2. APPEAL AND ERROR ☞1068(4)—REVERSIBLE ERROR—INSTRUCTIONS.

In a civil action for damages for libel actionable per se, in which plaintiff did not undertake to prove damages, it was reversible error to instruct the jury that they were the judges of both the law and the facts, because it was practically telling the jury that they could disregard all instructions.

3. LIBEL AND SLANDER ☞124(8) — LIBEL — DAMAGES—INSTRUCTIONS.

In an action for damages for libel actionable per se, where no evidence of damages was tendered, it was reversible error to merely instruct that the amount of damages was subject to the discretion of the jury, without informing them that they should be guided by the circumstances and justice of the case.

Appeal from City Court of Birmingham; C. W. Ferguson, Judge.

Action by B. B. Comer against the Advertiser Company for damages for libel. Judgment for plaintiff for insufficient damages, and he appeals. Reversed and remanded.

A statement of the complaint may be found in a report of the former appeal. 172 Ala. 613, 55 South. 195. Plaintiff introduced evidence showing defendant's publication of the alleged defamatory article in an issue of about 14,000 copies. Defendant offered no evidence, and the only testimony relating to damages was elicited on the cross-examination of plaintiff, to the effect that he now thought he did suffer pecuniary loss in a general business way, though he may have thought and testified otherwise on the first trial in 1909. Plaintiff testified that he had a family, consisting of a wife and nine children, and that he read the publication just after it was issued. At defendant's request the trial judge gave the jury the following written instructions:

(5) Gentlemen of the jury, in this case you are the judges of both the law and the fact, and if, after a full and fair consideration of all the evidence, you are not reasonably satisfied that plaintiff has suffered any substantial damage, then you have the right, in your discretion, to award plaintiff only nominal damages for the purpose of vindicating him.

Charge 4, given at defendant's request, is as follows:

Even though you may believe from the evidence that plaintiff has made out his case against defendant, * * * yet the amount of damages to be assessed is a matter purely within your discretion, and you may, in the exercise of that discretion, if you see proper from the evidence, award plaintiff only nominal damages.

In the oral charge in explaining this discretion the trial judge said:

In other words, you have the discretion and the privilege, under the law, of fixing those damages at from 1 cent to $25,000.

There was verdict and judgment for 1 cent damages.

S. D. Weakley and Frank S. White & Sons, all of Birmingham, for appellant. Steiner, Crum & Weil, of Montgomery, and Tillman, Bradley & Morrow, of Birmingham, for appellee.

SOMERVILLE, J. [1] It is a fundamental principle of English and American jurisprudence that a jury is never the judge of the law in any case unless so constituted by con-

stitutional or statutory provision. Batre v. State, 18 Ala. 119, 123. The solitary instance of such a provision in this state is found in section 12 of the Constitution of 1901 (section 13 of article 1, Const. 1875), which declares that:

"In all indictments for libel, the jury shall have the right to determine the law and the facts under the direction of the court."

The trial court erroneously applied this rule for criminal libel to this civil action, by instructing the jury that they were the judges of both the law and the facts.

[2] Counsel for appellee concede the error, but insist that, inasmuch as the jury found a verdict for plaintiff, their findings of law must have been favorable to plaintiff, and hence the error cannot be pronounced prejudicial, to the reversal of the judgment. If the only principles of law to be applied by the jury had been those relating to the establishment of plaintiff's cause of action, there would unquestionably be a sound basis for the theory of harmless error. But the libel sued for is of the class designated in law as actionable per se (Comer v. L. & N. R. R. Co., 151 Ala. 622, 44 South. 676), and plaintiff, relying upon the legal presumptions of actual damage from mental suffering and loss or impairment of business or reputation, offered no evidence on those issues, but requested numerous instructions to the jury thereon, which were in fact given by the trial judge. These instructions correctly presented the law to the jury, and their refusal would have been reversible error. The instruction complained of nevertheless advised the jury that they should themselves determine what was the law of the case, and thereby withdrew the instructions as instructions, and converted them into mere friendly advice, to be followed or not at the discretion of the jury. We see no escape from the conclusion that the erroneous instruction was essentially prejudicial, and must work a reversal of the judgment. Speaking of the damages recoverable in actions like this, this court has said:

"As to the measure of such damages, there is no legal standard. The amount thereof, under proper instructions from the court, is usually referred to the sound discretion of the jury. If the publication is actionable per se, and is proven, the legal presumption of damage goes to the jury, and they, in view of the particular circumstances of the case, are required, in the exercise of their sound judgment, to determine what sum will afford reparation. 3 Sutherland on Damages, 643–647." Advertiser Co. v. Jones, 169 Ala. 196, 205, 206, 53 South. 759.

[3] Instructions which merely inform the jury that the amount of damages to be awarded in cases like this is subject to their discretion are at least misleading, and ought for that reason to be refused. They ought always to be informed that their discretion should be guided and tempered by the circumstances and justice of the case, as shown by the evidence before them. So. Ry. Co. v. Hayes, 198 Ala. 601, 73 South. 945, 947; Coleman v. Pepper, 159 Ala. 310, 49 South. 310.

So, also, while the discretion of the jury may in proper cases deny substantial damages, notwithstanding the prima facie presumptions of law in the premises, and award nominal damages only (Starks v. Comer, 190 Ala. 245, 254, 67 South. 440), yet instructions should not be so framed as to invade the province of the jury by seeming to suggest the propriety of such an award in the case on trial. R. & D. R. R. Co. v. Freeman, 97 Ala. 289, 298, 11 South. 800.

We of course do not hold that the giving of charges in these objectionable forms is necessarily reversible error, and what we have said will suffice for present purposes, without specifically ruling upon the several charges of this sort presented by the record.

For the error noted, the judgment must be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.