STATE OF MAINE vs. OLIVER A. GOOLD.

*Libel or no libel is a question for the jury. Exceptions.*

It is true that, in a prosecution for libel the respondent has the right to have the jury determine whether or not the publication is libellous; but he may waive this privilege by admitting it to be a libel; in which case he can not complain if this question is not left to the jury, nor can he be aggrieved by a ruling of the court, as matter of law, that it is a libel.

ON EXCEPTIONS to the ruling of Goddard, J., of the superior court.

INDICTMENT for an alleged libel. In the progress of the trial the prisoner's counsel formally admitted the publication complained of to be a libel, but denied that it was malicious. In his charge the judge adverted to the old English common law on this subject and its modification by statutes, and then said: "So that now the court is required to direct the jury, that is to say, to inform them whether or not the article in question is of a libellous nature, and further, the jury are to determine not only the fact of authorship and publication, but what was formerly declared to be matter of law, viz: the question of malice." To this instruction the respondent excepted, the jury having found him guilty of the offence charged.

WALTON, J. One of the instructions to the jury in this case was in our judgment erroneous. They were told that it was the

duty of the court to direct them whether the publication in question was, or was not, libellous, and that it was their duty to be governed by the direction which the court gave them upon that point; and the court did instruct them in effect that the publication in question was libellous.

This ruling was undoubtedly in accordance with what was formerly held to be the law in England; but this view of the law was never adopted in this country.

In this State, the right of the jury, in all indictments for libels, to determine, at their discretion, both the law and the fact, is secured by a constitutional provision. Art. 1, § 4.

Reading this provision in the light of history, we cannot doubt that it was the intention of the framers of the constitution that the jury should have the right to determine, not only as matter of fact whether the defendant was the author or publisher of the article in question, but also, as matter of law, whether it was, or was not, libellous. Whether the defendant published the article in question is plainly a question of fact. Whether its publication was illegal is plainly a question of law. Such was the answer of the twelve judges of England to the House of Lords. Their answer was, "that the criminality or innocence of any act done (which includes any paper written) is the result of the judgment which the law pronounces upon that act, and must therefore be, in all cases and under all circumstances, matter of law, and not matter of fact." 22 State Trials, 298.

While, therefore, it is undoubtedly true that the question of libel or no libel, is purely a question of law, we cannot doubt that it is the province of the jury in this State, by virtue of the constitutional provision referred to, to answer it.

This they do when they return a general verdict of guilty or not guilty. To justify a verdict of guilty the jury must not only find, as matter of fact, that the defendant published the article in question, but they must also determine, as matter of law, that its publication was illegal; for without the element of illegality there could be no guilt; while to justify a verdict of not guilty, the jury

must fail to be satisfied upon one or the other of these points. In fact, in all criminal trials, a general verdict of guilty affirms not only that the defendant committed the act in question, but also that the act was one prohibited by law; and to this extent such a verdict does in every case determine the law as well as the fact. But the difference between indictments for libels and other criminal prosecutions is this, that in the former the jury may rightfully pass upon the criminality of the act, although their judgment in that respect is contrary to the opinion of the court, while in the latter they have no such right. In the latter, as in the former, they do in fact pass upon the law as well as the facts involved in the issue; but in the former the constitution secures to them the right to determine the law for themselves, while in the latter it is their duty to follow the instructions of the court.

It seems to be now settled in England as well as this country, that the judge is not bound to state to the jury, as matter of law, whether the publication in question is, or is not, a libel; that the proper course for him to pursue is to define to the jury what a libel is, and then leave it to them to determine whether the publication in question does, or does not, come within that definition. 2 Greenl. on Ev., § 411; *Shattuck v. Allen*, 4 Gray, 546.

But while it is undoubtedly true that in prosecutions for libel the defendant has a right to have the question of libel, or no libel, submitted to the jury, we think it is equally clear that it is a right which it is competent for him to waive. If he chooses to admit for the purposes of the trial that the publication in question is a libel, we think he is no longer in a condition to complain because the question is not submitted to the jury. Being admitted, it is no longer a question for either court or jury; and it is impossible for the defendant to be aggrieved by any views the court may entertain or express, as to whose province it would be to pass upon the question, if the answer to it were not admitted.

The bill of exceptions in this case shows that the defendant expressly admitted that the publication in question was a libel. He also admitted that he composed, wrote and published the article.

He claimed the right to go to the jury upon the question of malice only. This right was accorded to him as fully as he desired. All this appears by the bill of exceptions. He was not, therefore,—in fact he could not be—an aggrieved party by the views expressed by the judge of the superior court, as to whose duty it would have been to pass upon the questions of law involved in the issue, if the answers to these questions had been controverted. He expressly waived his right to go to the jury upon these questions by his admissions.	*Exceptions overruled.*

APPLETON, C. J., CUTTING, DICKERSON, DANFORTH and VIRGIN, JJ., concurred.