[Brooke v. The State.]

# Brooke *v.* The State.

*Publishing a Libel Which Tends to Provoke a Breach of the Peace.*

(Decided Feb. 6, 1908.   45 South. 622.)

1. *Libel; Prosecution for; Indictment; Sufficiency.*—Only the libelous portions of the article being necessary, an indictment is not defective for failing to set out the entire article containing the alleged libelous matter.

2. *Same.*—In the absence of a form for an indictment for libel and in view of the provisions of section 5064, Code 1896, and of the legislative policy to depart from all common law technicalities, an indictment for libel, to be good, need not follow the technicalities of the common law.

3. *Criminal Law; Offenses; Failure of Statute to Define; Common Law Definition.*—A common law definition will apply where the statute prescribes the punishment of an offense but does not define it.

4. *Libel; Criminal Libel; Definition.*—Section 5063, Code 1896, qualifies the common law definition of what is criminal libel only to the extent that it requires that such libel must tend to provoke a breach of the peace.

5. *Same; Elements; Falsity; Statutory Provisions.*—A publication of a libel which tends to provoke a breach of the peace need not be a false publication in order to maintain a prosecution therefor, notwithstanding section 12 of the Constitution of 1901, since such section is silent as to the purpose for which and the extent to which evidence of the truthfulness or falsity of the libel is admissible, whether in justification or mitigation, and the gravamen of the charge is that it tends to provoke a breach of the peace.

6. *Criminal Law; Appeal; Harmless Error; Pleading.*—Where the plea of not guilty is interposed and all the evidence is admissible thereunder that could have been admitted under the special plea, the sustaining of a demurrer to the special plea is harmless error.

7. *Same; Record; Matters to be Shown; Bill of Exceptions.*—Where a bill of exceptions is signed out of term time the fact that it was signed within the time properly extended must appear of record proper and cannot be shown by the bill of exception.   (Tyson, C. J., dissents.)

APPEAL from Crenshaw Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Prosecution of H. Y. Brooke for libel.   From a judgment overruling defendant's demurrer to the complaint,

and sustaining demurrers to special pleas of defendant, he appeals. Affirmed.

The defendant was tried for publishing a libel which tended to provoke a breach of the peace. The information filed by the solicitor in the case is set out in the opinion of the court.

The demurrers filed thereto are as follows: "(1) Said statement or complaint fails to aver that the alleged libelous matter is false. (2) It fails to aver that the said libelous matter is not true. (3) That it is false and malicious. (4) That it fails to aver that the matter was injurious to Sharp. (5) It fails to aver that the words or language alleged to have been published by defendant is false and malicious. (6) It fails to aver that the language or words are untrue. (7) It fails to aver that they are malicious. (8) It fails to show with certainty the subject-matter of said alleged libelous language. (9) It shows on its face that the language set out therein is not all that was published in said newspaper article, but that it is only a portion of said article. (10) It shows on its face that all of said article is not set out. (11) It fails to show in what connection the language set out was used. (12) It purports to set out an article alleged to have been published in a newspaper, but fails to show the said article in its entirety is set out therein. (13) It fails to allege the time or place when said alleged libelous matter was published. (14) It fails to aver the day when said libelous matter was published. (15) It fails to aver the place where the said matter was published."

The special pleas interposed by the defendant, and to which demurrers were sustained, set up the fact, first, that the matter published was true, and that the comments thereon were justified by the truthfulness of the matter published; second, that the publisher was justi-

[Brooke v. The State.]

fied in using the language set out in the complaint, which had reference to the report of the county superintendent of education of Crenshaw county, which had been filed in the office of the State Superintendent of Education; third, because the language was used in criticism of a public official by the publisher of a newspaper, and was justified by the truthfulness of the fact; fourth, that it was not malicious; fifth, that it was not unlawful; sixth, that the language set out is not such as tended to provoke a breach of the peace.

The other facts are sufficiently stated in the opinion of the court.

M. W. RUSHTON, and HOLLOWAY & BROWN, for appellant. The court erred in overruling the demurrer.—*Reid v. The State*, 52 Ala. 404. The court also erred in sustaining demurrer to the pleas. The defendant was entitled to have the whole article to go to the jury.—18 A. & E. Ency. of Law, 1005; *U. S. v. Crandell*, 683. The court erred in overruling the question asked the witness Sharpe as they were material facts bearing on the question of whether the article had a tendency to provoke a breach of the peace, and as to malice on the part of the defendant.—*Jackson v. Hopperton*, 16 C. B. N. S. 829; 111 E. C. L. 829; *Cox v. Strickland*, 101 Ga. 482; *Zuckermon v. Sonnerscheim*, 62 Ill. 115; *Smith v. Rodefap*, 5 Ind. App. 78; *Mason v. Mason*, 40 N. H. 110; 3 A. & E. Ency. Law, 1003. If the report was true and the comments thereon legitimate, the defendant was not guilty of criminal libel.—Sec. 12, Const. 1901. It is the province of the jury, in this character of cases to determine the facts and the law, under the instructions of the court, and the charges requested should have been given.—Sec. 12, Const. 1901; *State v. Armstrong*, 106 Mo. 395, 27 Am. St. Rep. 361; *State v. Zinnemon*, 31

[Brooke v. The State.]

Kan. 85; *In re Lowe,* 40 Kan. 255; *Blake v. The State,.* 130 Ind. 203; *Fisher v. The People,* 23 Ill. 283; *State v. Wilmins,* 42 Am. St. Rep. 288; *Nuzum v. The State,* 88 Ind. 599; *Hudelson v. The State,* 94 Ind. 426; 48 Am. St. Rep. 171; *State v. Armstrong,* 27 Am. St. Rep. 367; *Queen v. Sullivan,* 11 Cox. 51.

ALEXANDER M. GARBER, Attorney General, for the State.

DOWDELL, J.—It appears from the record that this case was appealed from the county court to the circuit court. In the latter court it was tried on a complaint filed by the solicitor under section 4627 of the Criminal Code of 1896. In the circuit court a demurrer was interposed to the complaint, which the court overruled. The complaint charges as follows: "The. State of Alabama, by its solicitor, complains of Hadley Y. Brooke that within 12 months before the commencement of this prosecution he, the said Hadley Y. Brooke, being the publisher of a newspaper in said county, did unlawfully and maliciously publish of and concerning Clifford K. Sharp, the superintendent of education of said county, the following libelous matter, to wit." Then follows the libelous matter published, and the complaint then concludes as follows: "Said libelous matter having been published by said Hadley Y. Brooke in Crenshaw county, Alabama, on, to-wit, January 24, 1907, which said libelous matter had a tendency to provoke a breach of the peace, against the peace and dignity of the state of Alabama." It is obvious from a reading of the complaint that many of the grounds of the demurrer are answered by the complaint, and no further consideration of these grounds is required than this statement. It was not essential that the entire article in which the alleged libelous matter occurred should be set out in the

complaint. It was sufficient to set forth only that which was libelous.

The question is raised by several of the grounds of the demurrer of a failure to charge the falsity of the alleged libelous matter. This is the material and important question in the case. The statute (section 5063 of the Criminal Code of 1896) under which the defendant is prosecuted reads as follows: "Any person, who publishes a libel of another which may tend to provoke a breach of the peace, must be punished on conviction by fine," etc. Section 5064 of the same Code, relative to the indictment, is as follows: "An indictment for a libel need not set forth any extrinsic facts for the purpose of showing the application to the party libeled of the defamatory matter on which the indictment is founded; it is sufficient to state generally that the same was published concerning him, and the fact that it was so published must be proved on the trial." No form is prescribed in the Code for the indictment; but it is manifest from the statute that the technicalities of the common law in the frame of an indictment for libel are not required. Indeed, it has been the policy of the Legislature to depart from all common-law technicalities, and to simplify pleading in indictments as much as possible consistent with the due administration of justice. The statute punishing libel does not define what libel is, as do statutes of some of the other states. We are therefore remitted to the common law to ascertain what is libel, and whatever at the common law amounted to a libel was subject to criminal prosecution. The only difference made by our statute is that the libel must be such as to have a tendency to provoke a breach of the peace. In 2 Wharton's Criminal Law (9th Ed.) 1598, it is stated: "Whatever, if made the subject of civil action, would be considered libelous without laying spe-

[Brooke v. The State.]

cial damage, is indictable in a criminal court." But our statute (section 5063) makes a qualification of this by providing: "Which may tend to provoke a breach of the peace."—*Moody v. State,* 94 Ala. 42, 10 South. 670.

In indictments at the common law the rule was that the truth of the libel could not be shown in defense of the prosecution, notwithstanding the indictment alleged that the libel was false. The truth or falsity of the libel, notwithstanding the allegation in the indictment of its falsity, was regarded as as immaterial issue. In the case of *Reid v. State,* 53 Ala. 407, 25 Am. Rep. 627, cited by counsel for the defendant, the indictment charged that the libel was false; but the question was not raised in that case as to whether it was a necessary averment, and hence not decided. In *Rex. v. Burks,* Durnford & E. 4, it was decided by the court of King's Bench that such an averment was unnecessary. It was there said, in ruling on this question, that "the great number of precedents in late times was without the epithet 'false,' and that the reason of the thing, also, was against the insertion of the word 'false,' because it is not necessary to prove the libel to be false." Our views are in accord with this statement of the law. It is true that the rule at common law as to the defendant offering evidence of the truth of the libel has been changed by constitutional provision in this state (section 12, art. 1, Const. 1901), which authorizes evidence of the truth of the libel; but this does not affect the question under consideration. The constitutional provision is silent as for what purpose or to what extent the evidence is admissible, whether in justification or mitigation. The constitutional provision does not imply that the libel must be shown to be false. Our conclusion is that the trial court properly overruled the demurrers to the complaint.

[Brooke v. The State.]

The defendant filed 10 pleas to the complaint; the first being the plea of not guilt, and those numbered from 2 to 10, inclusive, being special pleas. Demurrers were sustained by the court to the special pleas numbered from 2 to 10, inclusive. As to this action of the trial court it is sufficient to say that no possible injury could result to the defendant by the ruling, since every defense sought to be set up by his special pleas, to which he was entitled under the law, was included in and available to him under the plea of not guilty.

What purports to be a bill of exceptions in the transcript was signed after the adjournment of court. The record proper fails to disclose any order by the court allowing this to be done. True, there is a recital, in what purports to be the bill, that such an order was made; but this is nothing more nor less than a mere statement by the judge, and cannot supply the omission of an order of the court from the record. The precise question we have here was decided at the present term on the case of *McCormick Harvesting Machine Co. v. Clayton*, 152 Ala. 539, 44 South. 552, where other cases are also cited. The bill of exceptions must be stricken, and, no error appearing otherwise of record, the judgment appealed from must be affirmed.

Affirmed.

HARALSON, SIMPSON, ANDERSON, DENSON, and MC-CLELLAN, JJ., concur. TYSON, C. J., dissents on the question of striking the bill of exceptions.