COMMONWEALTH *vs.* JOSEPH BRISBOIS.

Bristol.     October 24, 1932. — November 28, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Larceny*, Of building. *Evidence*, Extrinsic affecting writing, Of intent, Relevancy and materiality. *Deed*, Validity, Delivery.

At the trial of a complaint charging a violation of G. L. (Ter. Ed.) c. 266, § 44, it appeared that the defendant's wife signed and acknowledged a deed conveying certain land "with all buildings and improvements thereon"; and that the deed was duly recorded. There was evidence that on the land conveyed there was a small building resting on wooden posts; and that, shortly after the deed was recorded, the defendant, over the protest of the grantee, sawed through the posts upon which the building rested, sawed the building into two parts and removed it from the land. *Held*, that

(1) It was proper to exclude evidence that, before the deed was signed, the defendant and his wife objected to the words "buildings and improvements thereon" and that her attorney then said that he would see that those words were omitted: such testimony was inadmissible to vary the unambiguous terms of the deed;

(2) The recording of the deed was conclusive evidence of its delivery in favor of the grantee, a purchaser for value without notice claiming thereunder;

(3) It was proper to exclude evidence that the defendant's wife, when she executed the deed and gave it to her attorney, believed that she was the owner of the building: she was bound by the terms of the deed which she voluntarily executed;

(4) Questions asked of the grantee on cross-examination, "You had never paid any money at the time you received . . . [this deed]?" and "At no time did you personally receive the paper, or this deed from . . . [the defendant or his wife]?" properly were excluded as immaterial.

An exception by the defendant to a refusal by the trial judge, at the trial above described, to instruct the jury that "If the defendant acted in good faith on advice of counsel, then there is no illegal intent and you should find the defendant not guilty," was overruled, where it appeared that the judge charged the jury that "if the defendant honestly thought that he had the legal right to remove this building, then there was no criminal intent to steal, and you should find the defendant not guilty," but that "The mere statement . . . made by a defendant that he thought he had the right to take it is not of itself sufficient, unless you believe that statement or testimony which he has given thereto, absolutely that the intent was honest and that the . . . facts as they existed at the time support that contention."

Findings were warranted, at the trial above described, that the building was a part of the land conveyed and that the defendant, on removing the building without the consent of the grantee, intended to steal it, and a verdict of guilty was warranted.

COMPLAINT, received and sworn to in the Second District Court of Bristol on December 10, 1930, described in the opinion.

Upon appeal to the Superior Court, the complaint was tried before *T. J. Hammond*, J. It appeared that the deed from the defendant to Trudeau conveyed certain land "with the buildings thereon," and that the deed from the defendant's wife to Trudeau conveyed certain land "with all buildings and improvements thereon." Other material evidence is stated in the opinion. The judge denied a motion by the defendant that he be found not guilty. He was found guilty and alleged exceptions.

*M. Entin*, for the defendant.

*F. E. Smith*, Assistant District Attorney, for the Commonwealth.

CROSBY, J. The defendant was found guilty on a complaint charging him with the larceny of a wooden frame building of less than $100 in value from the real estate of one Wilfred Trudeau. G. L. (Ter. Ed.) c. 266, § 44. This statute

provides in part that "Whoever by a trespass, with intent to steal, takes and carries away anything which is parcel of the realty or is annexed thereto, the property of another and of value, against his will, shall be guilty of such simple or aggravated larceny as he would be guilty of if such property were personal property . . . ."

By deed dated January 29, 1930, the defendant conveyed by warranty deed to Trudeau a tract of land, and by another warranty deed dated December 6, 1930, the defendant's wife conveyed to Trudeau a tract of land. Both deeds were duly recorded in the registry of deeds. There was evidence tending to show that on the lands conveyed there was a wooden building from thirty to thirty-five feet in length and about twelve feet wide which rested on wooden posts. The grantee testified that on December 10, 1930, he saw the defendant and a number of men loading one half of the building upon a "low gear"; that the posts upon which it rested had been "sawed through," and the building had been sawed into two parts; that in answer to inquiry by Trudeau the defendant said the building was his property and he was going to take it away; that Trudeau told him that it was his property and warned the defendant not to remove it; and that the defendant continued to load a section of the building on the "low gear" and took it to premises occupied by the defendant's wife.

During the course of the trial the defendant offered to show that an attorney who acted for him brought the deed in question to be signed; that he and his wife objected to the words "buildings and improvements" therein, so that she would retain the title to the building on the premises, and that the attorney said he would see that those words were omitted. This offer of proof was excluded and the defendant excepted. The defendant does not contend that the deeds were not properly executed, acknowledged and recorded. The offer of proof was rightly excluded. The attorney had no authority to make any change in the deed after it had been executed, and neither the defendant nor his wife could rely upon his statement that such change would be made. *Commonwealth* v. *Middleby*, 187 Mass.

342, 348. If the defendant were ignorant of the law, it would not be a defence. *Commonwealth* v. *O'Connell,* 274 Mass. 315, 321. "In the absence of fraud or mistake, all previous or contemporary oral negotiations are merged in the written instrument, which is conclusively presumed to express the bargain." *Jennings* v. *Puffer,* 203 Mass. 534, 537–538. *Perry* v. *J. L. Mott Iron Works Co.* 207 Mass. 501. *Khederian* v. *John T. Connor Co.* 262 Mass. 29, 33.

It is not contended by the defendant that the language of the deed is ambiguous or that it was obtained by fraud. The record of the deed was conclusive evidence of its delivery in favor of the purchaser for value without notice claiming thereunder. G. L. (Ter. Ed.) c. 183, § 5. The defendant's offer to show by his wife that when she executed the deed and gave it to her attorney she believed she was the owner of the building alleged to have been stolen was rightly rejected. She was bound by the terms of the deed which she voluntarily executed.

The grantee was asked on cross-examination: "You had never paid any money at the time you received these deeds?" and "At no time did you personally receive the paper, or this deed from Mr. Brisbois or Mrs. Brisbois?" The judge rightly ruled in substance that the evidence was immaterial. The exceptions to the exclusion of these questions are without merit.

The defendant's wife was asked by the defendant's counsel: "At the time that you had executed the deed and given it to Mr. Coughlin (the attorney), did you at that time believe that this hencoop belonged to you?" This question was immaterial and rightly was excluded.

At the close of the evidence the defendant presented the following request: "If the defendant acted in good faith on advice of counsel, then there is no illegal intent and you should find the defendant not guilty." The defendant excepted to the refusal to give this request. The judge instructed the jury, in substance, that when a defendant commits an unlawful act he is by law presumed to intend its ordinary and natural consequences; that "if the defendant honestly thought that he had the legal right to

remove this building, then there was no criminal intent to steal, and you should find the defendant not guilty"; that "The mere statement, however, made by a defendant that he thought he had the right to take it is not of itself sufficient, unless you believe that statement or testimony which he has given thereto, absolutely that the intent was honest and that the . . . facts as they existed at the time support that contention." The instructions were without error and protected the rights of the defendant.

The evidence warranted a finding that the building was a part of the real estate conveyed by the defendant. The question whether the defendant in separating it from the realty without the knowledge or consent of the owner and thereafter carrying it away intended to steal it presented a question of fact properly submitted to the jury. *Commonwealth* v. *Peakes*, 231 Mass. 449, 457. *Commonwealth* v. *O'Connell*, 274 Mass. 315, 321.

No reversible error appears in the conduct of the trial.

*Exceptions overruled.*