26 So.2d 526

**KRASNER v. STATE.**

6 Div. 440.

Supreme Court of Alabama.

May 16, 1946.

J. T. Johnson, of Onconta, for petitioner.

Wm. N. McQueen, Atty. Gen., and John
O. Harris, Asst. Atty. Gen., opposed.

GARDNER, Chief Justice.

Petitioner's conviction for the offense of libel was affirmed by the Court of Appeals, and certiorari was awarded for a review of the opinion resulting in such affirmance.

We entertain no difference of view concerning the ruling on the demurrer to the indictment and the discussion relating thereto. And without stopping to consider other questions, we feel justified in confining consideration here to the matters which we view as of importance.

■ The opinion sets out Sec. 12 of our State Constitution, which is applicable only to criminal as distinguished from civil actions of libel. Alabama Ride Co. v. Vance, 235 Ala. 263, 178 So. 438. The publication in the instant case related to the conduct of a public officer, the mayor of Warrior. In such case the provision is to the effect that the truth of the published matter may be given in evidence. The history of statutory and constitutional provisions of this character in a number of jurisdictions is outlined in Ferdon v. Dickens, 161 Ala. 181, 49 So. 888, and Warren v. State, 197 Ala. 313, 72 So. 624, with particular reference to the further provisions of Sec. 12 that the jury shall have the right to determine the law and the facts under direction of the court.

And even as to civil actions arising from publications concerning public officers there is statutory provision that the truth may be given in evidence. Sec. 908, Title 7, Code 1940. And in the succeeding section (Sec. 909) is the provision that in all actions of slander or libel the truth spoken or written, or the circumstances under which they were so spoken or written, may be given in evidence under the general issue in mitigation of damages.

These statutory provisions were fully discussed in Ferdon v. Dickens, supra.

In Starks v. Comer, 190 Ala. 245, 67 So. 440, the Court held, among other things, that publication concerning a candidate for public office was not qualifiedly privileged; and like holding as to a public officer was had in Parsons v. Age-Herald Pub. Co., 181 Ala. 439, 61 So. 345. In this latter authority, concerning publication as to a public official, the further holding was that the publisher can justify by proving that it was true. Of course, there may be fair and reasonable comment upon the conduct of a public official, and whether or not it is fair and reasonable is

for the jury's consideration. Parsons v. Age-Herald, supra.

The above-noted statutory provision as to civil actions for libel growing out of publications relating to the conduct of public officials, and the historical reference to this subject found in our decisions, serve to illustrate the importance of this branch of the law as well as to throw light upon the meaning of what is now Sec. 12 of our Constitution. Such provision has been in our Constitution since 1819, with the added stipulation that in all indictments for libel, the jury shall have the right to determine the law and the facts under the direction of the court.

■ In Vol. II, 12th Ed., Wharton's Criminal Law, p. 2312, speaking of such latter provision, the author states that the jury have always had the right to give their verdict on the whole issue and to decide the question as one of fact, whether the matter charged be libelous or not, as well as the questions of fact as to the publication and the truth of the innuendoes. In the note to the text the case of State v. Goold, 62 Me. 509, is cited to the effect that the judge is not bound to state to the jury as a matter of law whether the publication in question is or is not a libel, and that the proper course for him to pursue is to define to the jury what a libel is and then leave it to them to determine whether the publication in question does or does not come within that definition. And as to criticism of public officials concerning their public acts, even in civil actions, as pointed out in the Parsons case, supra, it is for the jury to say whether the comment in question was fair and reasonable or otherwise.

■ These observations are pertinent here in view of ground of the motion to quash and demurrer No. 5, as set out in the opinion of the Court of Appeals, indicating that the defendant was insisting that the mayor had received funds in violation of the law. And these observations would likewise be still more pertinent if we are permitted to look to the entire contents of the "dodger," which was received in evidence in its entirety without objection, as stated in the opinion. When the body of this dodger is read in connection with the headline noted in the indictment where the word "pocketed" is used, it appears that the defendant had reference to the alleged unlawful reception of funds by the mayor, as outlined in ground 5 of the motion to quash the indictment. Whether or not, therefore, the language used, construed as a whole, was libelous and whether or not the criticism was fair and reasonable or otherwise, were questions for the jury's determination.

■ It appears from the opinion of the Court of Appeals the defendant attempted to elicit from Mayor Bowers on cross-examination an admission that he got the $1083 and whether or not he had paid it back. Defendant also sought on his cross-examination of Mayor Bowers to have him testify as to whether or not he had been notified several times that the law prohibited mayors, in towns where there were no recorders, from receiving fees or collecting costs, and whether, if he received fees while acting as such recorder, he is to pay them into the city treasury.

We think it clear enough that by these inquiries to the mayor the defendant was endeavoring to elicit testimony tending, at least in some degree, to establish the truth of his publication. The opinion of the Court of Appeals appears to treat such matters as wholly immaterial. With this we are not in accord.

Mr. Wharton, in his book on criminal law, Vol. II, supra, notes that at common law the general rule was that the truth was inadmissible as a defense in a criminal prosecution for libel, though the doctrine was doubted by Kent, J., and Thompson, J., in a celebrated case in which the New York court was equally divided, and which led to the incorporation of a provision in the Constitution of that State akin to our own. The author then adds:

"It is enough to say that the general rule in England, as well as in the United States, now is that 'the publication of a libel is not a misdemeanor if the defamatory matter is true, and if the publisher can show that it was for the public benefit that such matter should be published.'"

See also Restatement of the Law of Torts, Secs. 582 and 606. Certainly, with our constitutional provision so emphatic, the truth of the publication under these circumstances may be considered by the jury in justification of the charge.

And in Brooke v. State, 154 Ala. 53, 45 So. 622, it is shown that this defense of truthfulness in cases of this character was admissible under the plea of not guilty.

It is pointed out, also, in Wharton's Criminal Law, supra, p. 2306, that there may be cases where the defendant, having acted in discharge of a supposed duty and with honest purpose, may give in evidence, even at common law, the truth of the words when such evidence will tend to negative malice and the intent to defame. See also Ripps v. Herrington, 241 Ala. 209, 1 So.2d 899; Comer v. Advertiser Co., 201 Ala. 159, 77 So. 685; 33 Am.Jur. p. 299; 12 A.L.R. p. 1029, note 1; State v. Payne, 87 W.Va. 102, 104 S.E. 288, 19 A.L.R. p. 1467; Riley v. State, 132 Ala. 13, 31 So. 731; Graves v. State, 9 Ala. 447.

We are, therefore, of the opinion that the court committed error in sustaining objection to the question propounded to Mayor Bowers on cross-examination, as above-indicated.

In considering this case we have interpreted the opinion of the Court of Appeals as presenting two questions, in accordance with the views of the Assistant Attorney General filing brief on behalf of the State, as expressed in the following language: "As we view the opinion of the Court of Appeals, there are only two questions presented for review upon this petition for writ of certiorari, namely: (1) Whether or not truth constitutes a defense; and (2) Whether or not the advice of counsel is a defense to prosecutions for this crime."

We have treated the first above-stated question. And proceeding to the second, we interpret, as does the Assistant Attorney General, the opinion of the Court of Appeals as holding to the effect that advice of counsel is no defense in prosecutions of this nature. As sustaining this view, the Court of Appeals cites Hoover v. State, 59 Ala. 57, but in that case there was

no question of criminal intent or malice involved. It was a plain case of a violation of a statute—where the law makes the act the offense and goes no further and requires no proof as to intent. The case of Miller v. United States, 4 Cir., 277 F. 721, when carefully read, would justify, we think, a contrary conclusion as applicable to the instant case. In Commonwealth v. Brisbois, 281 Mass. 125, 183 N.E. 168, the opinion discloses that the charge to the jury, which is set out in the opinion, gave to the defendant the full benefit of the requested charge which had been refused.

These authorities merely state the established general rule that advice of counsel furnishes no excuse to a person violating the law and cannot be relied upon as a defense in a criminal action (133 A.L.R. p. 1056 et seq.) to which rule there are exceptions, as noted in Barnett v. State, 89 Ala. 165, 7 So. 414.

In Advertiser Co. v. Jones, 169 Ala. 196, 53 So. 759, it was pointed out that the defendant may prove the facts and circumstances, with reference to which the words were written or spoken, for the purpose of showing he did not intend by the use of them to impute to the plaintiff the crime which, standing alone, they would naturally import. It was held that the character and standing of one's informer is always relevant to the inquiry whether or not the information received from him was credible and whether or not it was in fact accepted in good faith as being true. And this is equally true whether the recipient personally knows his informer's character or whether he knows it only by its reputation in the community.

Our research thus far has failed to disclose any case directly in point as to a criminal prosecution for libel. But malice is one of the essentials in such a prosecution. It is said to be the gist of libel. 33 Am.Jur. pp. 251 and 303. Malice may be rebutted, and in its rebuttal the defendant should be permitted to show all the facts and circumstances surrounding the publication.

In Hill v. Ward, 13 Ala. 310, cited in 129 A.L.R. 188, it was held that advice of

counsel was a good defense to rebut malice in a civil action of slander of title. In support of this holding the opinion cites the case of Chandler v. McPherson, 11 Ala. 916, which was a case for malicious prosecution, as sustaining this view by its reasoning. It would appear, therefore, that this authority, as well as sound reasoning and common sense, would justify the conclusion the defendant was entitled to show for the jury's consideration advice of counsel as a part of the facts and circumstances surrounding the publication and by way of rebuttal of malice.

It appears from the opinion here under review that the State rested its case for a conviction upon the distribution by the defendant of the dodger, to which reference has been made; and in the opinion the Court refers to the testimony of Williams, of the printing company, on cross-examination, wherein the defendant attempted to show that the dodgers containing the alleged libel were not released by the printing company until after they had been advised by a practicing attorney of Birmingham that the same were not libelous.

It seems it was in this connection the Court of Appeals entered into a discussion to the effect that advice of counsel was not a matter for the jury's consideration in cases of this character. And we may add that our interpretation of the Court's opinion in this respect is sustained by the trial court's ruling in reference to the objections interposed, wherein the trial judge stated that he did not think "advice of counsel would be admissible in this case." The Court of Appeals opinion, however, indicates that the advice of counsel was sought by Williams for the printing company rather than by the defendant.

But we entertain the view that this question of advice of counsel was admissible for the jury's consideration upon the question of malice vel non, if the defendant participated in such a conference, or if he was not actually present at the time, was advised by the printing company in regard to the result of the conference with the attorney, and in good faith acted thereon before the release of the publication. We think these are matters which should be considered by the jury upon the question of mal-ice, particularly in regard to any mitigating circumstances.

In 33 Am.Jur. p. 251 it is noted in the text:

"All relevant circumstances may likewise be shown in evidence by the defendant, as a general rule, for the purpose of establishing good faith or the absence of malice on his part."

And this rebuttal proof would be the more applicable in the instant case in view of the evidence submitted on the part of the State concerning a statement made by the defendant, offered for the evident purpose of showing actual malice on his part. See also, in connection with the foregoing authorities, 33 Am.Jur. p. 272; Shushan v. United States, 5 Cir., 117 F.2d 110, 133 A. L.R. p. 1055; 37 C.J. p. 155.

We are, therefore, of the opinion that the Court of Appeals erred in holding that the advice of counsel was inadmissible for any purpose. What we have said should, we think, suffice for another trial of the cause. And for the errors indicated the judgment of the Court of Appeals is reversed and the cause remanded to that Court for disposition in accordance with the views herein expressed.

Reversed and remanded.

All the Justices concur.