# Schuler *v.* Fisher

*Libel and Slander.*

(Decided April 7, 1910.   52 South. 390.)

1. *Libel and Slander; Justification; Special Defenses.*—Section 3746, Code 1907, does not preclude one sued for libel or slander from setting up the truth of the words as a special defense in bar of the action.

2. *Same.*—Where special plea attempted to answer a complaint for libel and slander based on words charging the plaintiff with being a thief. and alleges that the word referred to certain transactions of plaintiff with the railroad company in which it appears that he was entrusted to make certain purchases and to have certain work done. and that he rendered statements and fraudulently collected more than he in fact expended, the railroad company being ignorant of the true amount expended, was not sufficient to put in issue the truth of the slanderous words charged in the complaint, and did not set up facts going to show that he was a thief and was hence, insufficient as a plea in bar of the right of action; besides the facts alleged could have been shown under the general issue.

3. *Appeal and Error; Harmless Error; Pleading.*—Although the demurrers were not sufficiently specific to comply with the requirements of section 5340, Code 1907, yet, it was harmless error to sustain them where the pleas could not have been amended so as to meet proner objections without a radical departure from the facts set up therein.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by Otto E. Fischer against E. T. Schuler. From a judgent for plaintiff, defendant appeals. Affirmed.

See, also, 51 South. 1038.

The complaint declares that defendant spoke of and concerning plaintiff, in the presence of persons, in substance as follows: "He is a thief"—laying the date as on or about the 15th day of August, 1908.

The first and second pleas were the general issue. Plea 3: "Further answering the complaint, the defendant says that, in speaking of and concerning plaintiff as being a thief, he had reference to the fact that plaintiff purchased four steel roller doors for the Alabama City, Gadsden & Attalla Railway Company, at and for the sum of $668.50, and fraudulently collected the sum of $1,098 from said railroad company for said doors; said railroad company being ignorant of the fact that the said doors did not cost $1,098 at the time of the payment." Plea 4: Same as 3, with the allegation additional that Fischer was intrusted by the railroad company with the purchase of the doors, and that he purchased them for the sum first named, and rendered a statement to the railroad company, and collected the sum last named. Plea 5: Same as 3, except that the purchase was alleged to have been of fire brick for the use of the railroad company, and that Fischer purchased them at $25 per thousand, and rendered an account and collected for them at the rate of $30 per thousand. Plea 6: Practically the same as 5. Pleas 7 and 8: Plaintiff was intrusted by the railroad company with the purchase for it of fire clay, and that he purchased the clay at three-quarters of a cent per pound, but rendered the statement and fraudulently collected from the railroad company at the rate of one cent per pound. Plea 9: That plaintiff was intrusted by the railroad company to set one large Heine boiler, and that in setting said boiler plaintiff used 17,450 bricks, and rendered a statement and fraudulently collected from said railroad company for the use and setting of 29,931

bricks. Plea 10: Same as 8, except as to the setting ot an Atlas boiler, and the use of 17,135 bricks, and the rendering of a statement and collecting for the use of 26,576 bricks. Plea 11: For the setting of one small Heine boiler and the use of 14,260 bricks, and the fraudulent statement and collection for the use and setting of 20,128 bricks.

Demurrers that were assigned to plea 3, were assigned to each plea separately, and are as follows: "(1) Because said plea does not deny the complaint, or set up facts in confession and avoidance thereof. (2) The plea does not aver that defendant made known to his hearers that he had reference to the matters set up in said plea. (3) Said plea does not aver that the defendant informed his hearers, at the time of making the charge against plaintiff, that he had reference to the matters alleged in said plea. (4) The matter defendant alleges he had reference to in said plea was not communicated to his hearers at the time of making the charge against plaintiff. * * * (6) Because, if the facts which the defendant alleges he had reference to are material and competent, they can be proven under the general issue. (7) Said plea does not allege that the defendant disclosed to or that his hearers knew he had reference to the matters alleged in said plea."

The pleas were afterwards amended by setting up that defendant was justified in charging plaintiff with being a thief, and alleging as the reasons therefor the allegations contained in the original pleas, with the additional allegation that the plaintiff knew that he was receiving the amount named as the difference between the price paid and the price received, and that, knowing this, he feloniously took and carried the same away, with the intent to deprive the railroad company there-

of. The same demurrers were refiled to these amended pleas, and were sustained.

HOOD & MURPHREE, for appellant. The truthfulness of slanderous words may be pleaded and proven in absolute justification.—*Ferdon v. Dickens,* 49 South. 888. The court was misled in its rulings by some expressions in the case of *Hereford v. Crooms,* 126 Ala. 367.

GEORGE D. MOTLEY, for appellee. Counsel discuss the assignments or error and insist that there is no error in the record, and in support thereof he cties *Ferdon v. Dickens,* 49 South. 888; *Hereford v. Combs,* 126 Ala. 369.

ANDERSON, J.—While section 3746 of the Code of 1907 authorizes the defendant, in actions of slander and libel, to give in evidence, in mitigation of damages, the truth of the words spoken or written, or the circumstances under which they were written or spoken, the defendant is not thereby precluded from setting up as a special defense, in a civil action for slander and libel, the truth of the matter constituting the slander or libel as a bar to the action.—*Ferdon v. Dickens,* 161 Ala. 181. 49 South. 888, wherein the case of *Hereford v. Combs,* 126 Ala. 369, 28 South. 582, is explained.

The slanderous words charged in the complaint are that the plaintiff was a thief, and the special pleas did not put in issue the truth of this charge, or set up facts going to show that he was a thief. The plaintiff may have been guilty of the things charged in the special pleas, and yet he would not be a thief in law or in common parlance, and the pleas were bad as a bar to the plaintiff's right of action. On the other hand, if they attempted to detail the circumstances under which the slanderous words were utttered, and which fell short of

a bar to the action, and which we hold they did, they were, at most, to be considered in mitigation of the damages, and could have been proven under pleas 1 and 2, to which no demurrer was interposed.

It is insisted by the appellant's counsel that, whether the pleas were defective or not, the defects were not properly pointed out by the demurrer, as required by section 5340 of the Code of 1907. The first ground of demurrer points out the defect; but, if it is not sufficiently specific as to comply with the statute, the action of the trial court in sustaining same was error without injury, as the pleas could not have been amended so as to charge that the plaintiff was a thief without a radical departure from the facts there set up.—*Sunflower Co. v. Turner Co.*, 158 Ala. 191, 48 South. 510; *Ryall v. Allen*, 153 Ala. 222, 38 South. 851.

The judgment of the city court is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and SAYRE, JJ., concur in the conclusion, and think that the demurrers were sufficient and were properly sustained to the special pleas.

