(97 South. 58)

## KIRKPATRICK v. JOURNAL PUB. CO. et al.
## (7 Div. 311.)

(Supreme Court of Alabama. June 7, 1923.)

**1. Libel and slander ⊜94(1)—Plea of truth need not specifically deny every allegation of falsity.**

Where the publication set out in the complaint states facts with particularity, a plea that such publication is substantially true is sufficient, without specific denials of every specific allegation of falsity of the facts published.

**2. Libel and slander ⊜54—Truth is defense notwithstanding statute permitting it in mitigation of damages.**

Truth is a complete defense to an action for libel; Code 1907, § 3746, permitting truth to be given in evidence in mitigation of damages under the general issue, not prohibiting plea of truth in bar of the action.

**3. Libel and slander ⊜54—Truth a defense irrespective of malice.**

Truth is a complete defense to action for libel irrespective of malice.

**4. Libel and slander ⊜94(1)—Plea that libel was "substantially true" was sufficient.**

A plea that the alleged libelous statement concerning plaintiff was "substantially true" was sufficient, not meaning somewhat or partially true, but true without qualification in material respects.

[Ed. Note.—For other definitions, see Words and Phrases, Substantially True.]

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action for libel by Louella Kirkpatrick against the Journal Publishing Company and others. From a judgment overruling demurrer to defendants' plea, plaintiff takes a nonsuit and appeals. Affirmed.

See, also, 207 Ala. 687, 93 South. 622.

Joel B. Brown, of Cullman, and W. A. Denson, of Birmingham, for appellant.

A plea of justification must allege facts going to prove the truth of the charge and must aver that it was published without malice. Advertiser Co. v. Jones, 169 Ala. 203, 53 South. 759; Ferdon v. Dickens, 161 Ala. 181, 49 South. 888; Krulic v. Petcoff, 122 Minn. 517, 142 N. W. 879, Ann. Cas. 1914D, 1056; Atteberry v. Powell, 29 Mo. 429, 77 Am. Dec. 579; 17 R. C. L. 399. The averment that the publication set out is substantially true does not meet the requirements. 17 R. C. L. 399; Dowie v. Priddle, 216 Ill. 553, 75 N. E. 243, 3 Ann. Cas. 526; 45 La. Ann. 863, 13 South. 203, 21 L. R. A. 507; 75 N. E. 215, 72 Atl. 689, 31 L. R. A. (N. S.) 139; 94 Neb. 813, 144 N. W. 810, 50 L. R. A. (N. S.) 1042.

E. O. McCord & Son and Goodhue & Goodhue, all of Gadsden, for appellees.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

When the truth of the article is asserted, in a plea, it is not essential that the defendant also rebut malice. Ferdon v. Dickens, 161 Ala. 181, 49 South. 888; Schuler v. Fisher, 167 Ala. 184, 52 South. 390; Bigly v. National F. & C. Co., 94 Neb. 813, 144 N. W. 810, 50 L. R. A. (N. S.) 1040; Cook v. Pulitzer Pub. Co., 241 Mo. 326, 145 S. W. 400; Courier Journal Co. v. Phillips, 142 Ky. 372, 134 S. W. 446, 32 L. R. A. (N. S.) 309. "Substantially true" means true without qualification in all material respects. Jeffrey v. United Order, 97 Me. 176, 53 Atl. 1102; France v. Ætna Co., 9 Fed. Cas. No. 5027, p. 657; 7 Words and Phrases, 6742.

SAYRE, J. This is an action for libel brought by appellant against appellees. In amended counts A and B the alleged libelous publication is set out in hæc verba. The alleged libelous statement is not couched in general terms, but the publication of which plaintiff complains states the facts with particularity. Defendants' third plea was in this language:

"And for further plea in this behalf the defendants each separately and severally say that the publication set out in plaintiff's complaint is substantially true."

Plaintiff's demurrer to this plea was overruled, whereupon she took a nonsuit reserving the ruling for review in this court.

Criticisms of the plea were: (1) That it failed to aver that the alleged facts were published without malice, and (2) that the plea failed to aver that the publication was true, for that the averment was that it was substantially true.

[1-3] 1. The libelous statements of which plaintiff complains state the facts charged against plaintiff with particularity, as we have already shown, and the general denial was sufficient; that is, it was not necessary to address specific denials to each and every material fact alleged in the libel charged. Nor was it necessary to the sufficiency of the plea that it should deny malice. The truth of the words complained of is a complete defense. 25 Cyc. 413; 17 R. C. L. p. 325. Section 3746 of the Code provides that—

"In all actions of slander or libel, the truth of the words spoken or written, or the circumstances under which they were spoken or written, may be given in evidence under the general issue in mitigation of the damages."

But this court has held that this statute does not prohibit a plea to the same effect in bar. Ferdon v. Dickens, 161 Ala. 181, 49 South. 888; Schuler v. Fisher, 167 Ala. 184, 52 South. 390. In making the statement in the case just referred to, repeated in Advertiser Co. v. Jones, 169 Ala. 196, 53 South. 759, upon which appellant relies as authority for her proposition as to the necessity for

a specific denial of malice, we understand that the court was speaking of the pleas of privilege in those cases, for the court there cited pages 456–458 of 25 Cyc., where it is said (page 457), "It has been held that where the alleged publication is actionable per se and not privileged" (as in the case now before us):

"The allegation in the complaint of the malicious intent of defendant in making the publication is immaterial and it is not necessary for defendant to admit or controvert the same."

The first ground of demurrer, stated above, was properly overruled.

[4] 2. In respect of the second criticism visited upon the plea by the demurrer we are content to adopt the conclusion expressed, with citation of authorities, in Jeffrey v. Golden Cross, 97 Me. 179, 53 Atl. 1103:

"Substantially true does not mean somewhat true, partially true, on the one hand, nor does it mean true in every possible and immaterial respect, on the other. It means true without qualification, in all respects material."

This second criticism of the plea was therefore not well conceived.

It results that the judgment of the trial court is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.