178 So. 438

**ALABAMA RIDE CO. v. VANCE.**

**6 Div. 219.**

Supreme Court of Alabama.

Jan. 20, 1938.

Aird & Fox, of Birmingham, for appellee.

**BROWN, Justice.**

This is an action on the case by the appellant against appellee to recover damages for the publication of an alleged libel embodied in "a written petition addressed to the City Commission of the City of Birmingham, the following matter, with intent to defame the plaintiff, viz.:

" 'A Petition to the City Commission of the City of Birmingham.

" 'We, the undersigned Business men and Citizens of Avondale respectfully petition you to remove and Keep Removed the so called Carnival and other neighborhood nickel-snatching outfits which drain a community of what little money that should rightfully go to the Highly taxed merchants and citizens of the community.

" 'We further remind you that the same City administration to which we now appeal has once before faithfully promised to allow no more of this Nuisance. We also remind you that there is a law, now being rigidly enforced against all forms of gambling, which prohibits your own merchants from even having a punchboard on his

Smith, Windham, Jackson & Rives, of Birmingham, for appellant.

counter * * * Yet * * * this carnival outfit maintain's the worst form of petty and major gambling open to children and all suckers who will bite. We maintain there is no Fairness or consistency in such an imposition upon a people who do not deserve such rank discrimination."

The matter is pleaded in the several counts of the complaint, and· without ,innuendo, interpreting its meaning.

The pleas were, the general issue—not guilty—and justification as qualifiedly privileged, and that the publication was true.

At the conclusion of the plaintiff's evidence, which included answers of the defendant to interrogatories propounded to him under the statute, and the testimony of the plaintiff's general manager, and an agreement of the parties "For the purpose of this trial and only for the purpose of this trial and any appeal that might be had from the judgment in this trial, the defendant concedes that there is evidence from which the jury could infer that the defama'ory publication was published maliciously," etc., the court directed a verdict for the defendant by giving to the jury the affirmative charge in writing requested by him.

The matter pleaded as the basis of plaintiff's right of action is qualifiedly privileged—that is to say—privileged if published without malice, and proof of the publication and the colloquium did not, as a fiction of law, raise the presumption of malice, and hence plaintiff had the burden of showing actual malice. Phillips v. Bradshaw, 167 Ala. 199, 52 So. 662; Kenney et al. v. Gurley, 208 Ala. 623, 95 So. 34, 26 A.L.R. 813; Interstate Electric Co. et al. v. Daniel, 227 Ala. 609, 151 So. 463. This is true, notwithstanding it was essential to the sufficiency of defendant's plea 4, setting up qualified privilege that the plea negative malice.

The admissions made by the defendant in his answers to interrogatories propounded under the statute, and the admission in the agreement set out above, were sufficient to carry the case to the jury on the issues presented by the general issue and defendant's plea 4.

This narrows the question to the sufficiency of the evidence to justify the affirmative charge on the issue presented by the defendant's plea 8, averring "that the words alleged to have been published of and concerning the plaintiff were true." The burden of proof here was on the defendant to show that the publication was "true without qualification, in all respects material." Kirkpatrick v. Journal Pub. Co. et al., 210 Ala. 10, 97 So. 58, 59; Cafferty v. Southern Tier Publishing Co., 226 N. Y. 87, 123 N.E. 76; Hay v. Reid, 85 Mich. 296, 48 N.W. ·507; Watson v. Herald-Despatch Co., 221 Ill.App. 557; Plummer v. Commercial Tribune Publishing Co., 208 Ky. 210, 270 S.W. 793; Windisch-Muhlhauser Brewing Co. v. Bacon, Ky., 53 S.W. 520; 17 R.C.L. ·420, § 179.

As in other civil cases the defendant on his plea of truth must prove the substance of the issue. 36 C.J. 1233, § 194; Putnam v. Browne, 162 Wis. 524, 155 N.W. 910, Ann.Cas.1918C, 1100.

In the case at bar, the matter is pleaded in the complaint as one libel, without innuendos as to separate parts thereto, the article will be construed as a whole, and when so construed, we cannot agree with the contention of appellant that the language "the so called nickel-snatching outfit which drains a community of what little money that should rightfully go to the highly taxed merchants and citizens of the community," when considered in the light of what followed, imputed to the plaintiff ' "petty thievery." The article as a whole, reasonably construed, means no more than that the plaintiff maintained and operated a carnival at which gambling was practiced and encouraged, and these gambling games, and devices were open to children and all others, absorbing the small change of the community.

The next and final contention of the appellant, to state the contention in the language of the brief, is "that the determination of the question of whether, in an action for defamation, the proof sustains the plea of truth, is always for the jury's determination, never the Court." In support of this contention appellant cites Brothers v̄. Brothers, 208 Ala. 258, 94 So. 175; Advertiser Co. v. Jones, 169 Ala. 196, 53 So. 759, and 37 C.J. p. 106.

In the two Alabama cases cited, the only plea interposed was the general issue, and the court was dealing with the presumption of malice arising as a fiction of law on proof of the publication, and the colloquium pleaded that the publication or slander referred to the plaintiff and was published

or spoken by the defendant, and the effect of evidence of truth offered under the general issue.

In some jurisdictions there are constitutional provisions or statutory provisions making the jury, even in civil actions, the judges of both the law and the facts in suits for libel. 17 R.C.L. 423, § 182.

But in this jurisdiction it is settled that section 12 of the Constitution is only applicable to criminal prosecutions, and is not applicable to civil actions for libel. Comer v. Advertiser Co., 201 Ala. 159, 77 So. 685.

In the last-cited case it was observed: "It is a fundamental principle of English and American jurisprudence that a jury is never the judge of the law in any case unless so constituted by constitutional or statutory provision. Batre v. State, 18 Ala. 119, 123. The solitary instance of such a provision in this state is found in section 12 of the Constitution of 1901."

"In actions for damages for libel or slander, as in other civil actions, it is well settled general rule that it is the province of the court to state the law and that of the jury to determine the facts. Where different conclusions may be reasonably drawn by different minds from the same evidence, the question, ordinarily, is one for the jury. But where the facts are wholly undisputed and admit of no conflicting inferences, the question is one of law." 17 R.C.L. 423, § 182; McArthur v. Carrie's Adm'r, 32 Ala. 75, 70 Am.Dec. 529; 16 R.C.L. 189, § 9; 37 C.J. 100, § 546.

If the matter published was substantially true—that is—"true without qualification, in all respects material" the plea of truth was sustained and this was a complete defense to the action without regard to the intent or malice in its publication. Kirkpatrick v. Journal Pub. Co., supra.

Our conclusion, after careful consideration of the evidence, is the evidence, without room for adverse inference, clearly sustains the defendant's plea of truth, and that the affirmative charge was given without error.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.