178 So. 449

**WHITE v. BIRMINGHAM POST CO.**

6 Div. 217.

Supreme Court of Alabama.

Jan. 20, 1938.

Clark & Trawick, of Birmingham, for appellant.

Leader, Hill, Tenenbaum & Seedman, of Birmingham, for appellee.

BROWN, Justice.

On a former appeal by plaintiff from a judgment of nonsuit, superinduced by adverse rulings of the court on the defendant's demurrers to the complainant, it was ruled here that the matter published of and concerning the plaintiff as averred in the complaint was libelous per se. White v. Birmingham Post Co., 233 Ala. 547, 172 So. 649.

After remandment the case went to trial on the counts of the complainant held sufficient, and the defendant's plea of the general issue—not guilty—and its special plea of truth, pleaded in short by consent, resulting in a verdict and judgment for the defendant.

This appeal involves the sufficiency of the evidence to support the verdict, raised by the plaintiff's motion for new trial, which was overruled, ruling on objections to evidence, and the giving of two special written charges at the instance of the defendant.

■ Under the issue formed by the pleadings, when the plaintiff proved the publication as averred in the complaint—and as to this the evidence was without dispute—the law raised a presumption that the matter published, being libelous per se, was false and malicious, and imposed on the defendant the burden of going forward with the evidence, and rebutting, if he could, this presumption, by proof of its plea of truth. Starks v. Comer, 190 Ala. 245, 67 So. 440; Kirkpatrick v. Journal Pub. Co. et al., 210 Ala. 10, 97 So. 58.

The defendant adduced much evidence going to lift and carry this burden, and, after due consideration of the evidence, we are not able to affirm that the verdict of the jury is contrary to the great weight of the evidence. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738; Courier Journal Co. v. Phillips, 142 Ky. 372, 134 S.W. 446, 32 L.R.A.,N.S., 309.

■ The plaintiff's objection to the writing designated as "Defendant's Exhibit No. 1," a manuscript written by defendant's Editor Mills in explanation of the alleged libelous publication, was overruled without error. Before this manuscript was offered, the plaintiff—on cross-examination—was questioned fully about its contents and admitted much of it to be true, and in connection with his testimony it tended to support the plea of truth, and rebut the presumption of malice. There was no question of retraction, and sections 7360-7362 of the Code are not applicable. The evidence shows what appears to be a friendly and bona fide effort of Mills to prepare an article that would relieve the alleged libelous publication from objectionable imputation. But the fact that plaintiff admitted the truth of most of the statements in the manuscript, which statements tended to support the plea of truth, is what justified its admission in evidence. 17 R.C.L. 412, § 170.

■ The ruling of the court in respect to the question set out in assignment of error 3 was sound. All persons are presumed to know the law. Moreover, it was immaterial whether the defendant's editor was familiar with the requirements of the statute in respect to retractions of libelous publication or not.

■ Charges "4–A" and "5–A," given at the instance of the defendant, were correct statements of the law. Kirkpatrick v. Journal Pub. Co., supra.

This disposes of all questions presented on the record, and insisted on by appellant's argument.

The judgment and proceeding of the circuit court appear to be free from error, and the judgment is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.