**1 So.2d 899**

**RIPPS v. HERRINGTON.**

1 Div. 90.

Supreme Court of Alabama.

March 27, 1941.

Rehearing Denied May 15, 1941.

Harry T. Smith & Caffey, of Mobile, for appellant.

Smith & Johnston and Chas. B. Arendall, Jr., all of Mobile, for appellee.

BOULDIN, Justice.

Appellee, Arnold Herrington, sued appellant, Sam J. Ripps, for libel. The several counts of the complaint 1, 2A, and 3, claimed damages "for falsely and maliciously publishing of and concerning the plaintiff in a writing to National Surety

Corporation, * * * with intent to defame plaintiff," saying in substance "that the plaintiff was guilty of a shortage of money to defendant, in that he had *wrongfully abstracted* funds of defendant," while an employee of defendant. [Italics supplied.]

The defendant pleaded the general issue, and special pleas alleging the truth of the publication, and a plea of qualified privilege, No. 3, which appears in the report of the case.

Without dispute the defendant, engaged in selling merchandise, held a policy of insurance in National Surety Corporation providing indemnity "against any loss of money- or personal property * * * which assured shall conclusively prove is caused by dishonesty of any employee * * * through larceny, theft, embezzlement, * * * wrongful abstraction * * * or other fraudulent or dishonest act or acts."

Without dispute the defendant did cause to be made out and forwarded to the insurer a claim for loss in matter and form substantially as charged in the complaint. A much argued question is whether this publication was libelous per se.

■ Whatever refinement may be indulged as to the import of "wrongful abstraction," when used in many supposable connections, we are clearly of opinion that as here used it imports dishonesty, reflects upon plaintiff's good name, impeaches his integrity, tends to injure his reputation. Such, we think, the natural meaning of the words "wrongful abstraction" of funds by an employee having the custody thereof, and consequent loss to the employer.

The intent was manifestly to present a claim for loss of the sum named by reason of dishonesty of plaintiff, as an employee. The publication of the writing in presenting same to the insurer could be regarded by the party to whom publication was made as none other than a claim for loss through "wrongful abstraction," meaning a dishonest or fraudulent act, resulting in loss to the employer. The publication was libelous per se. White v. Birmingham Post Co., 233 Ala. 547, 172 So. 649; Berry v. City of New York Ins. Co., 210 Ala. 369, 98 So. 290; Marion v. Davis, 217 Ala. 16, 114 So. 357, 55 A.L.R. 171; Fitzpatrick v. Age-Herald Pub. Co., ·184 Ala. 510, 63 So. 980, 51 L.R.A.,N.S., 401, Ann. Cas.1916B, 753; Phillips v. Bradshaw, 167 Ala. 199, 52 So. 662; Iron Age Publishing Company v. Crudup, 85 Ala. 519, 5 So. 332.

■ The policy of the law is to protect the character, that is to say, the reputation, the good name of the citizen, against the defamer.

■ In keeping with such policy, proof of a publication libelous per se, makes out a prima case, unless the evidence which proves the publication also discloses the absence of some element which makes it libelous.

■ To be libelous the publication must be false and malicious, as malice is defined in the law. In the absence of countervailing evidence, the law presumes a publication libelous per se to be false and therefore prompted by malice.

■ When the complaint charges defendant with a publication libelous per se, the general issue merely casts the burden upon plaintiff to prove the fact of such publication by the defendant.

■ By special plea defendant may allege the truth of the matter so published. The burden is on defendant to prove this plea. Such proof may appear at any stage of the trial. If proved to the reasonable satisfaction of the jury, it is a complete defense.

■ The truth is no libel under the laws of Alabama, no matter what motive may have prompted its publication. Alabama Ride Co. v. Vance, 235 Ala. 263, 178 So. 438; Kirkpatrick v. Journal Pub. Co. et al., 210 Ala. 10, 97 So. 58; Ferdon v. Dickens, 161 Ala. 181, 49 So. 888; Kenney et al. v. Gurley, 208 Ala. 623, 95 So. 34, 26 A.L.R. 813.

■ The contractual relation between the insurer and the insured furnished the occasion for presenting a claim for loss within the coverage of the policy if and when such loss occurred. In so doing, defendant was within the law applicable to publications qualifiedly privileged.

■ The claim presented, reflecting on plaintiff's character no further than necessary to bring it within the coverage of the policy, was within the law of qualified privilege. When, as here, the facts are undisputed, the question of qualified privilege is one of law for the court. In-

terstate Electric Co. et al. v. Daniel, 227 Ala. 609, 151 So. 463; Kenney v. Gurley, supra; Parsons v. Age-Herald Pub. Co., 181 Ala. 439, 61 So. 345.

This case, therefore, being one of qualified privilege, as matter of law, the instructions given the jury on this issue, becomes of vital importance.

In the case of qualified or conditional privilege, the law withdraws the legal inference or presumption of malice, and casts upon the plaintiff the burden to go forward with evidence tending to show actual malice; such publications are prima facie without malice, and the burden is on plaintiff to show malice in fact. Interstate Electric Co. v. Daniel, supra; Kenney v. Gurley, supra; Age-Herald Pub. Co. v. Waterman, 202 Ala. 665, 81 So. 621; Berry v. City of New York Ins. Co. supra; Phillips v. Bradshaw, supra; Lawson v. Hicks, 38 Ala. 279, 81 Am.Dec. 49.

If, on the whole evidence, it appears the statement was made in good faith, in the honest belief that the statement was true, defendant is protected in such privileged communication, even though he may be mistaken. Authorities, supra.

Good faith and honest belief imply more than mere suspicion. In making a charge involving another's character and standing, good faith requires such bona fide inquiry as a fair and just man would make, and arrive at an honest belief that his statement is true, otherwise the protective shield of privilege is unavailing.

In the portion of the oral charge of the court on the plea of privilege to which exception was reserved, the court misplaced the burden of proof as to malice. Although the plea should negative malice, the burden of proof in that regard shifts to plaintiff when the conditions for a privileged communication are shown, and the communication contained no libelous matter outside the scope of the privilege.

It is argued the instruction was merely misleading, and was cured by explanatory instructions given for defendant. Whether this instruction, not being withdrawn, but others given properly placing the burden of proof, should be treated as explanatory or contradictory, is debatable. We do not find it necessary to decide this question. In addition to this instruction, the court gave charge No. 11 at the instance of the plaintiff, which reads: "The court charges the jury that if you are reasonably satisfied from the evidence in this case that the defendant published of and concerning the plaintiff the publication set forth in the complaint, that said publication was false and that such publication was made by the defendant with actual malice toward the plaintiff, then the publication was libelous of the plaintiff. *The law presumes that the publication was false and, unless the defendant has reasonably satisfied you from the evidence in this case that the publication was true, you may award the plaintiff such actual damages for the injury to his reputation and for his mental suffering as you may, in your discretion, determine, together with such punitive damages as you may, in light of the circumstances of the case, award.*" [Italics supplied.]

The first sentence in this charge seems correct. But the latter, italicized portion was an express direction to the jury to find for the plaintiff unless the defendant had reasonably satisfied the jury by the evidence that the publication was true. In the first place, on such proof, the defendant was entitled to a verdict on its plea of truth.

The plea of privilege was thus ignored, and, in effect, stricken from the case. This instruction reverts back to the rule in the absence of privilege, as stated in the first paragraph of the oral charge, namely, that a presumption of malice arises in connection with a presumption of untruth.

It is the direct opposite to the rule in cases of privilege wherein the burden to prove actual malice is on the plaintiff.

Moreover, it can not be said the law presumes the publication false in cases of qualified privilege.

In our case of Age-Herald Pub. Co. v. Waterman, supra [202 Ala. 665, 81 So. 626], we held: "Where the occasion is not one of privilege, the falsity of the publication is presumed, and malice is presumed from falsity. But where the occasion is privileged, as here, and the publication is found to be fair and accurate, there is no presumption of malice from falsity, and the plaintiff cannot recover without proof of actual, as distinguished from merely legal, malice. 25 Cyc. 524 (B)."

The publication there involved was one in which qualified privilege depended on a fairly accurate report of judicial proceedings. This accounts for the form of statement of the rule applicable to that case. The first clause, however, limits the presumption of falsity to non-privileged publications.

■ In 36 C.J. p. 1222, the text reads: "While the burden is on defendant to show that the occasion is a privileged one, when it is shown or appears that the communication is conditionally privileged, it is generally held that plaintiff has the burden of proving that it was false, and that defendant was actuated by express malice."

■ An examination of the cases cited under note 7 discloses they fully sustain the text as to the burden to prove falsity in such case. On principle we may observe: The rule raising a presumption of falsity and malice where one without occasion therefor, either for public good, or the protection of private right, defames another by a publication libelous per se, good policy demands that, when called to task therefor, the traducer be required to show the truth of his publication, or other facts acquitting himself of malicious purpose. On the other hand, where an occasion for a privileged publication is shown, such publication should be deemed in the exercise of such privilege. A presumption of falsehood should not be indulged against him, any more than a presumption of truth should be indulged against the plaintiff. In such case, no presumption of falsity should be indulged and the burden of going forward is on him who actively asserts falsity in the publication.

This we think the logical principle supported by the authorities.

The giving of charge 11 for plaintiff was reversible error. Charges to the contrary given for defendant merely served to send the jury out with conflicting and contradictory instructions.

Since the cause must be retried, we indulge in no discussion of the tendency or the weight of the evidence in this voluminous record, including exhibits.

Reversed and remanded.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.