This is an appeal from an order granting defendants' motion to dismiss as to certain counts of plaintiff's complaint and motion for summary judgment as to another count. We are asked to decide, among other issues, whether this Court will recognize the torts of "unfair business competition" and "disparagement of business." We affirm.
The plaintiff, City Ambulance of Alabama, Inc., (City) and Haynes Ambulance of Alabama, Inc. (Haynes) are business competitors in providing ambulance service in and around the city of Montgomery. In July 1981, Haynes was given a copy of a City invoice by a dissatisfied City customer. This invoice disclosed that City's standard charges were higher than those of Haynes. Haynes decided to use this information in its advertising. In August 1981, Haynes had published in TheMontgomery Advertiser a full page advertisement, containing, among other things, a replica of City's invoice to its customer and a replica of Haynes's invoice for the same services. The prospective reader was invited to compare the charges. The only changes made in City's actual invoice were those made to protect the identity and privacy of the City customer and its employees who had transported that customer. These comparative invoices were also used in a handbill which was published and distributed by Haynes.
About four months later, City filed this action. Count One, charging Haynes with unfair business competition, alleged in pertinent part the following:
 "5. In an attempt to injure Plaintiff's business and gain an unfair competitive advantage over Plaintiff by confusing, deceiving and misleading the public, the Defendants intentionally, willfully, maliciously, *Page 538 
and wrongfully engaged in a series of acts of unfair competition within Montgomery County, Alabama, including inter alia, the following:
 "(a) Haynes and other Defendants did publish and cause to be distributed printed hand-bills (a copy of which is attached hereto as Exhibit `b') which were false, misleading, and designed to create a feeling of ill-will toward Plaintiff and was designed to damage Plaintiff's business. Said hand-bills contained false information concerning fees or charges which purported to be actual fees or charges submitted to a patient by Plaintiff and by Defendant Haynes on a certain date. An average reader of the information contained in the hand-bills would come to the conclusion that Haynes' services were not only cheaper, but superior to that of Plaintiff and that Plaintiff did not care about its patients and was not treating them fairly.
 "(b) Haynes did state in the aforesaid hand-bill that it had an actual case on July 1, 1981, involving a patient whose birthdate was March 12, 1961, and who resided at Pike Road, Alabama, when in truth and in fact, Haynes had no such case. This information was false and Defendants knew it was false.
 "(c) Haynes and other Defendants did deliver and circulate the aforesaid handbills to numerous individuals in Montgomery County, Alabama, and in surrounding counties.
 "(d) Haynes and other Defendants did prepare and cause to be printed certain advertising which was then caused by said Defendants to be published in the Montgomery Advertiser, a newspaper of general circulation in Montgomery and surrounding counties, all of which are in Plaintiff's trade area. Said newspaper advertising was false, misleading, and designed to create a feeling of ill-will toward Plaintiff and was designed to [do] damage concerning fees or charges which purported to be actual fees or charges submitted to a patient by Plaintiff and by Defendant Haynes on a certain date. An average reader of the information contained in the newspaper advertisement would come to the conclusion that Haynes' services were not only cheaper but superior to that of Plaintiff, and that Plaintiff did not care about its patients and was not treating them fairly.
 "(e) Haynes did state in the aforesaid newspaper advertisements that it had an actual case on July 1, 1981, involving a patient whose birthdate was March 12, 1961, and who resided at Pike Road, Alabama, when in truth and in fact, Haynes had no such case. This information was false and Defendants knew it was false.
 "(f) Haynes and other Defendants did cause to be circulated the aforesaid newspaper advertisements to thousands of individuals in Montgomery County and in surrounding counties.
 "(g) Defendants intentionally and fraudulently attempted to mislead and confuse the public by distributing the aforesaid hand-bills at various locations such as hospitals, doctors' offices, and other places where the public would find and read them.
 "(h) Defendants intentionally and fraudulently placed in newspaper advertising false and misleading information which was designed to deceive the public and injure Plaintiff in its business.
 "6. Haynes and other Defendants did disparage the services and business of Plaintiff by false and misleading representations of fact as alleged hereinabove."
Count Two essentially realleged the allegations of Count One, but also charged that Haynes "did intentionally and wrongfully interfere with Plaintiff's business which resulted in harm to its business operations."
Count Three realleged the allegations of One and Two, but also charged that "Defendants did therefore disparage Plaintiff's business as aforesaid."
The trial court granted motions to dismiss directed to the unfair competition count and the disparagement count. Defendant Haynes defends the trial court's action on the ground that no such causes of *Page 539 
action have been recognized in our jurisdiction. Plaintiff concedes that these are novel issues. Plaintiff analogizes its action of disparagement with the recommended action of trade libel contained in the Restatement of Torts (Second), and urges a private action for unfair competition. Plaintiff, moreover, argues that a novel cause of action should not be subject to a motion to dismiss since granting that motion would prevent development of the facts. However, factual development is unnecessary and a motion is appropriate when one pleads a claim for which no relief is authorized as a matter of law. Indeed, Rule 8, Alabama Rules of Civil Procedure, requires a "claim showing that the pleader is entitled to relief." The court below was furnished no authority disclosing the recognition of the torts of "unfair competition" or "disparagement." On the other hand, the trial court did overrule the motion to dismiss directed to the interference with plaintiff's business operations, since that is a claim for which relief is obtainable. Carter v. Knapp Motor Co., 243 Ala. 600,11 So.2d 383 (1943).
Likewise, on this appeal we have been cited to no Alabama authority recognizing the torts of "unfair competition" or "disparagement," nor have those proposed torts been distinguished from the tort of interference with business relations which is recognized.
With regard to the plaintiff's proposal that we adopt the tort of unfair competition, there is a paucity of authority recognizing such a tort; it appears that it has been considered as a form of interference. For example, in Business EquipmentCenter, Ltd. v. DeJur-Amsco, 465 F. Supp. 775 (1978), the United States District Court for the District of Columbia observed:
 "Interference with business relations is a tort that can arise in two situations. The first is interference with contractual relations. . . . The second kind of interference is with a plaintiff's prospective business advantage. In that situation, however, there is the privilege of competition. Therefore, the cause of action becomes virtually the same as that for unfair competition.
 "Unfair competition is not defined in terms of specific elements, but instead by the description of various acts that would constitute the tort if they resulted in damage. . . . They . . . include . . . defamation of the plaintiff or disparagement of its goods or business methods . . . [Cf. Knapp Motor Co., supra]."
"Disparagement," also, appears to be a form of the tort of interference with business relations. W. Prosser, The Law ofTorts at 919-20 (4th ed. 1971), describes it thusly:
 "[D]isparagement, then, may consist of the publication of matter derogatory to the plaintiff's title to his property . . . or to his business in general . . . of a kind calculated to prevent others from dealing with him, or otherwise to interfere with his relations with others to his disadvantage."
In harmony with those quoted observations, our tort of interference with business relations subsumes the torts of unfair competition and disparagement, as the latter are described in the legal literature. See 18A Ala.Dig. Key 10. (On the possibility of a cause of action in defamation, see Anno., 11 A.L.R.3d 884 (statements as to plaintiff's charging excessive or exorbitant prices or fees).) Thus, even though plaintiff expressly characterized these counts as "unfair competition" and "disparagement," there are no separate torts of unfair competition and disparagement in Alabama, nor have we been shown any necessary basis for distinguishing between them. Accordingly, the trial court was correct when it granted defendant's motions to dismiss which were addressed to Counts One and Three.
Finally, the plaintiff maintains that the trial court committed reversible error in granting summary judgment for the defendant, on Count Two, the "interference" count. As a predicate to analyzing this contention, we recognize the principle expressed in Beasley-Bennett Electric Co. v. GulfCoast Chapter, 273 Ala. 32, 35, 134 So.2d 427 (1961): *Page 540 
 "It is the policy of this state, as well as others . . . to encourage rather than suppress competition. This Court some time ago gave expression to that policy when it observed `"that competition is the life of trade has passed into a proverb of the law."'" (Citations omitted.)
Thus, the conduct proscribed by our tort of interference, in the context of advertising, is not mere comparative advertising which denotes the disadvantages in dealing with a competitor, but such advertising which is intentionally false and which occupies a causal relationship with the claimed damage. Carterv. Knapp Motor Co., supra, syl. 3. See generally, W. Prosser,The Law of Torts, § 128 at 915 (4th ed. 1971). It is clear from the deposition of the owner of plaintiff City Ambulance, Mr. Gilliland, that the legally significant aspects of defendants' newspaper advertisement, and those appearing in the handbill, consisting of the services and supplies furnished and the fees charged by his company, were true and accurate, and not false or misleading. The evidence also established without contradiction that the fees and costs shown on the Haynes Ambulance invoice were what Haynes would have charged the same customer provided with the same services. Under this state of facts before the trial court, there was no genuine issue of fact on the issue of falsity, and thus summary judgment was proper. Rule 56 (c), A.R.Civ.P.; Whatley v. Cardinal PestControl, 388 So.2d 529 (Ala. 1980).
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.