Max N. HUGHES and Hughes Tire Company, Plaintiffs,

v.

The COOPER TIRE COMPANY, a division of the Cooper Tire & Rubber Company, et al., Defendants.

No. Civ.A. 99–A–1351–S.

United States District Court, M.D. Alabama, Southern Division.

Dec. 10, 1999.

John E. Byrd, Byrd & Byrd, Dothan, AL, for plaintiffs.

Robert A. Huffaker, Rachel Sanders–Cochran, Rushton, Stakely, Johnston & Garrett, Montgomery, AL, Wade Hampton Baxley, Ramsey, Baxley & McDougle, Dothan, AL, for Cooper Tire Company, defendant.

William Claude McGowin, Hill, Hill, Carter, Franco, Cole & Black, Montgomery, AL, Bradley J. Miller, Kilpatrick & Stockton, LLP, Atlanta, GA, for Equifax Credit Information Services, Inc., defendant.

### *MEMORANDUM OPINION AND ORDER*

ALBRITTON, Chief Judge.

### I. *INTRODUCTION*

This case is before the court on a Motion to Dismiss (Doc. # 3) filed by Defendant Cooper Tire Company ("Cooper"), a division of the Cooper Tire & Rubber Company, a Delaware corporation. A Complaint was filed by the Plaintiffs Max N. Hughes

("Hughes") and Hughes Tire Company ("Huges Tire") (collectively the "Plaintiffs") in the Circuit Court of Dale County, Alabama. The case was removed to this court by Cooper on November 12, 1999 based on complete diversity jurisdiction. For the reasons to be discussed below, the Defendant Cooper's Motion to Dismiss is due to be DENIED.

## II. *MOTION TO DISMISS STANDARD*

 A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir.1986) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief." (citation omitted)). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *See Hishon*, 467 U.S. at 73, 104 S.Ct. 2229. Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir.1985).

## III. *FACTS*

The allegations in a light most favorable to the nonmoving party are as follows:

Hughes is a principal of Hughes Tire which retails Cooper products. Several lawsuits have stemmed from this business relationship. First in 1993, Cooper filed a complaint in the Circuit Court of Shelby County claiming that the Plaintiffs owed Cooper $61,020.65. The Shelby County Circuit Court entered a default judgment on this claim against the Plaintiffs in the amount of $78,533.77. In August of 1993, a satisfaction of this default judgment was recorded in the Probate Court of Shelby County, but the Plaintiffs remained indebt-

ed to Cooper "by open account, in the amount of $6,476.55." Complaint ¶ 7.

In December of 1993, Cooper filed a second complaint in the Circuit Court of Shelby County claiming that the Plaintiffs still owed Cooper $6,476.55. In February of 1994, a default judgment was entered in the Circuit Court of Shelby County in favor of Cooper in the amount of $8,733.56. In March of 1994, satisfaction of judgment with regard to the February default was recorded in the Probate Court of Shelby County, Alabama.

In March of 1999, the Plaintiffs filed a suit in this court alleging that Cooper violated the federal Fair Credit Reporting Act. *See Max N. Hughes and Hughes Tire Co. v. The Cooper Tire Company, et al.*, CV 99–A–290–S (J. Albritton). The Plaintiffs alleged that Cooper failed to remove a reported judgment from the Plaintiffs' credit report. This court granted summary judgment in favor of Cooper, finding that the Plaintiffs had no cause of action against Cooper under the Fair Credit Reporting Act.

In the present case, the Plaintiffs have alleged that Cooper published to Colonial Bank, The Commercial Bank of Ozark, and American Express, that the Plaintiffs were liable to Cooper for a $61,000 judgment. The Plaintiffs allege that they were attempting to secure credit with these companies, but that because of the defamatory comments made by Cooper they were unable to do so. *See* Complaint ¶ 17. The Plaintiffs brought this suit against Cooper claiming defamation, wantonness, and interference with business relations.

## IV. *DISCUSSION*

Cooper makes two arguments for dismissal of Counts I and II of the Plaintiffs' Complaint. First, Cooper argues that a defamation claim cannot be brought by Hughes Tire because it is a corporation. Second, Cooper argues that truth serves as an absolute defense to the defamation claim, thus, requiring dismissal of the defamation claim of Hughes and Hughes Tire.

Cooper argues that Alabama law does not recognize a cause of action for libel or defamation of a business. *See* Def.Br. at 3. According to Cooper, this type of claim is encompassed by the tort of Interference with Business, which the Plaintiffs allege in Count III of their Complaint. Cooper contends, therefore, that Count I and Count II should be dismissed against Hughes Tire because these claim are properly brought in Count III of the Complaint.[1] *See id.* at 3.

Cooper points to the case of *City Ambulance of Alabama, Inc. v. Haynes Ambulance of Ala., Inc.,* 431 So.2d 537 (Ala.1983) to support its proposition that Alabama does not recognize defamation against businesses as a separate claim from the tort of interference with business. In *City Ambulance,* the Supreme Court of Alabama found that "unfair competition" and "disparagement" both were subsumed by the tort of interference with business operations. *See id.* at 539. Cooper argues that disparagement in *City Ambulance* was defined as "the publication of matter derogatory to the plaintiff's title to his property ... or to his business in general ... of a kind calculated to prevent others from dealing with him, or otherwise to interfere with his relations with others to his disadvantage." *Id.* Consequently, Cooper contends that disparagement includes defamation against a business and thus, Cooper argues that *City Ambulance* stands for the proposition that a business cannot bring a distinct defamation claim. *See* Def.Br. at 4.

The Plaintiffs argue that Cooper has misinterpreted the holding of *City Ambulance (See* Pl.Br. at 5) and that *City Ambulance* was not about defamation, but rather about an alleged tort of "disparagement." The Plaintiffs say that there is no support for Cooper's contention that defamation is part of disparagement. The

Plaintiffs argue further that there is in fact case law that supports their argument that Alabama courts have recognized that a business can bring a claim for defamation. *See id.* at 6. The Plaintiffs point to the case of *General Electric Credit Corporation v. Alford & Associates, Inc.,* 374 So.2d 1316 (Ala.1979) (per curiam), as an example of where an Alabama court has allowed a business to bring a defamation claim.

■ *General Electric* is an appeal from a jury verdict awarding punitive damages to a corporation on the corporation's libel counterclaim. *See General Electric,* 374 So.2d at 1318. The court allowed the corporation to recover punitive damages on its libel claim, but it reduced the amount of the verdict. *See id.* at 1320–21. Thus, the Supreme Court of Alabama has recognized that a corporation could bring a defamation claim in Alabama.

Moreover, the court finds Cooper's reading of *City Ambulance* too far reaching. *City Ambulance* was a case discussing whether the court should recognize the novel torts of "unfair business competition" and "disparagement of business." *City Ambulance,* 431 So.2d at 537. Although much of the alleged "unfair" or "disparaging" activities in the case involved the publication in the newspaper and on handbills of false and misleading price quotes of the plaintiff services, the plaintiff did not raise the claim of defamation. *See id.* at 537–8. The plaintiff did "analogize its action of disparagement with the recommended action of trade libel contained in the Restatement of Torts (Second)," however, the plaintiff conceded that disparagement was a novel issue. *Id.* at 539. Thus, when the court ruled that "disparagement" was subsumed by the tort of interference with business relations, the *City Ambulance* court was discussing the novel claim and not the established tort of

---

1. Cooper appears to allege that Count II of the Complaint is also a defamation claim. *See* Def.Br. at 2–3. The Plaintiffs, however, claim that Count II is a claim for wantonness. *See* Pl.Br. at 2. For the purposes of the present motion, whether Count II is a defamation

or wantonness claim makes no difference to the outcome of the motion. As is discussed later in this opinion, a corporation can bring a defamation claim, thus negating Cooper's argument for dismissing Counts I and II.

libel. *See id.* This court is unwilling to read the *City Ambulance* holding as broadly as Cooper suggests. Instead, this court finds that the defamation claim brought by Hughes and Hughes Tire is a recognizable claim in Alabama and is not part of their Count III claim of business interference.

Cooper also argues that Counts I and II should be dismissed because truth is an absolute defense to defamation claims. Cooper contends that the Plaintiffs admit in their Complaint that default judgments were previously entered against the Plaintiffs in the amounts of $78,533.77 and $8,733.56. *See* Def.Br. at 5. Thus, according to Cooper, when it allegedly published the defamatory remarks concerning the Plaintiffs debt, it was only speaking the truth. *See id.*

The Plaintiffs contend that all of the prior default judgments entered against them in favor of Cooper had been satisfied for at least three years prior to the defamatory publication made by Cooper. *See* Pl. Br. at 7–8. Although, the Plaintiffs do admit that prior default judgments were entered against them, they contend that those judgments had been satisfied. *See id.* at 7. Consequently, the Plaintiffs find Cooper's argument that the Plaintiffs have admitted that the alleged defamatory publication was true "blatantly erroneous." *Id.* at 7.

■ Cooper is right that truth is an absolute defense to a claim of defamation. *See Liberty Loan Corp. of Gadsden v. Mizell,* 410 So.2d 45, 49 (Ala.1982); *Ripps v. Herrington,* 241 Ala. 209, 1 So.2d 899 (1941). However, in the present case, the Plaintiffs have not admitted that the published statements were true at the time they were made. The Complaint clearly states that the publication to the third parties by Cooper that the Plaintiffs were liable to Cooper for a $61,000 judgment was made on October 24, 1997, "at which time no judgment of any kind existed in favor of Cooper Tire Company against Max Hughes or Hughes Tire Company." Complaint ¶ 12. Accordingly, Cooper's Motion to Dismiss is due to be DENIED.

### V. CONCLUSION

For the reasons discussed, it is hereby ORDERED that the Defendant Cooper's Motion to Dismiss is DENIED.

Cooper is given until December 21, 1999 to file its Answer to the Complaint.